SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized).

**State v. Richard Perez (A-25-13) (072624)**

**Argued September 8, 2014 – Decided February 2, 2015**

**CUFF, P.J.A.D. (temporarily assigned), writing for a unanimous Court.**

In this appeal, the Court assesses the sufficiency of the factual basis of defendant's guilty plea and the legality of the extended-term sentences imposed thereafter.

On July 9, 2010, defendant placed three phone calls to N.C., a 13-year-old boy. That same night, defendant sent four text messages to N.C. in which he expressed a desire to engage in sexual activity with the child. N.C. showed the text messages to his grandfather, who contacted the police. Defendant was subsequently indicted for second-degree child luring and third-degree endangering the welfare of a child. On April 13, 2011, defendant pled guilty to both counts, specifically admitting that he attempted to lure N.C. to engage in sexual relations with him.

Defendant later moved to withdraw his guilty plea. The court denied the motion and sentenced him to concurrent, extended terms of ten years' imprisonment, with a ten-year parole disqualifier, for luring and five years' imprisonment, with a five-year parole disqualifier, for endangering the welfare of a child. Both terms were imposed pursuant to N.J.S.A. 2C:43-6.4, which applies to individuals who commit an enumerated offense while serving parole supervision for life (PSL). At the time of defendant's offense, he was serving a special sentencing condition of community supervision for life (CSL) stemming from a 1998 conviction for aggravated sexual assault that was imposed pursuant to an earlier version of the statute. A 2003 amendment to the statute replaced all references to CSL with PSL.

Defendant appealed, claiming that the trial court should have rejected his guilty plea to child luring because there was no evidence that he tried to entice N.C. to meet him at a particular place. He further claimed that the extended-term sentences were illegal because he was serving CSL, not PSL. In an unpublished opinion, the Appellate Division affirmed both the conviction and sentences, holding that the legislative history of the child luring statute did not require defendant to explicitly state the location where he planned to meet N.C. The panel further reasoned that the word-for-word substitution of "parole" for "community" suggested that the amendment was a matter of form and not substance. This Court granted defendant's petition for certification. 213 N.J. 568 (2013).

**HELD**: Defendant's admissions during the colloquy, in combination with the text messages introduced at the plea hearing, set forth a sufficient factual basis to support his guilty plea. However, because CSL and PSL are non-interchangeable, distinct post-sentence supervisory schemes for certain sex offenders, defendant's extended-term sentences were illegal and the matter is remanded to the trial court for resentencing.

1. Prior to accepting a guilty plea, the court must elicit, from the defendant, a comprehensive factual basis that addresses each element of the charged offense in detail. A defendant must do more than agree to a version of events presented by the prosecutor. Rather, a defendant must admit that he engaged in the charged offense and provide a factual statement or acknowledge all of the facts that comprise the essential elements of the offense to which he is pleading guilty. (pp. 9-11)

2. A person is guilty of child luring in the second-degree if he attempts, by way of electronic or other means, to lure a child, or one who he reasonably believes to be a child, into a motor vehicle, structure, or isolated area, or to meet or appear at any other place, with a purpose to commit a criminal offense with or against the child. N.J.S.A. 2C:13-6(a). The original version of the statute applied only to attempts to lure a child into a motor vehicle. However, successive amendments were designed to capture a broader array of contacts or events that may lead to a kidnapping or sexual offense. In its current version, the offense has three elements: (1) the accused attempted to lure or entice into a motor vehicle, structure, or isolated area, or to meet or appear at any place, (2) a child under the age of eighteen, (3) with a purpose to commit a criminal offense with or against that child. (pp. 12-13)

3. For a defendant to set forth an adequate factual basis to plead guilty to child luring, he must admit to sufficient facts to distinguish between an actual attempt to lure and mere expressions of fantasy. Further, even where a defendant has explicitly expressed a desire to engage in sexual conduct with a child, he must admit that he intended for the conduct to culminate in a meeting and the commission of the offense. Here, defendant provided an adequate factual basis to support his plea because he: (1) admitted that he sent text messages to N.C., (2) admitted that the messages proposed that they engage in sexual contact, (3) agreed that the messages contained in the joint exhibit at the hearing were the messages he sent to N.C., (4) admitted that he knew N.C. was under the age of eighteen, and (5) admitted that he sent the messages in an attempt to lure N.C. to a place where they could engage in sexual relations. While defendant's reluctance to speak of his communications with his victim was palpable, he responded affirmatively to the questions posed by his attorney, thereby admitting that he attempted to lure the child to engage in sexual relations. As such, his conviction was properly affirmed. (pp. 13-15)

4. When defendant was convicted of aggravated sexual assault and armed burglary in 1998, in addition to concurrent terms of incarceration, the court imposed CSL, which is designed to protect the public from recidivism by sexual offenders. Defendants subject to CSL are supervised by the Parole Board (Board) and face a variety of conditions beyond those imposed on non-sex-offender parolees. A 2003 amendment to N.J.S.A. 2C:43-6.4 replaced all references to CSL with PSL and its current version contains numerous provisions that were absent from the pre-2003 version of the statute. The current version also provides that an individual who commits one of the enumerated sex offenses while on PSL shall be sentenced to an extended term of imprisonment that must be served in its entirety before resumption of PSL. In contrast, pursuant to the pre-amendment version of the statute, a defendant on CSL status who committed an enumerated offense was subject to a mandatory extended term but was also eligible for parole. (pp. 15-17)

5. Defendant contends that the extended terms the trial court imposed are unconstitutional under the Ex Post Facto Clauses of the United States Constitution and New Jersey Constitution because the conditions of PSL enhance the penal consequences of his existing CSL status. To constitute an ex post facto penal law, a change in the law must apply to events that occurred before its enactment and must disadvantage the offender. Here, the resolution of defendant's contention turns on whether the special sentencing condition of CSL is penal or remedial. The Court previously held that the supervision imposed pursuant to CSL expresses the Legislature's view that CSL is an integral part of a sentence and that a trial court may not modify a previously imposed sentence to include CSL once the defendant has completed his sentence. State v. Schubert, 212 N.J. 295 (2012). (pp. 18-21)

6. PSL is similarly punitive. Its restrictions commence once a defendant completes his probationary or custodial sentence. Further, examination of the pre- and post-2003 versions of the statute belie the contention that the amendment is simply a clarification of prior law as opposed to a substantive change to the CSL post-sentence supervisory scheme. A violation of CSL is punishable only as a crime; the Board cannot return a defendant to prison through the parole-revocation process. The Board's only recourse is to refer the matter to the county prosecutor, who may or may not seek to present the matter to a grand jury. By contrast, following the 2003 amendment, a defendant who is sentenced to PSL is in the legal custody of the Commissioner of Corrections and is supervised by the Division of Parole for life. (pp. 21-23)

7. In its current form, N.J.S.A. 2C:43-6.4 provides that the extended term shall be "served in its entirety prior to the person's resumption of the term of parole supervision for life." In other words, a person serving a special sentence of PSL who commits an enumerated offense is not eligible for parole and will spend more years in prison than a person serving a special sentence for CSL who commits the same offense. This is not a difference in form. The elimination of any prospect for parole enhances the penal consequences for a person placed on CSL status before January 14, 2004. Applying the current version of N.J.S.A. 2C:43-6.4 to defendant requires him to spend many additional years in prison due to this so-called clarification. As applied to defendant, the 2003 amendment to N.J.S.A. 2C:43-6.4 enhances the punitive consequences of the special sentence of CSL to his detriment and violates the federal and state prohibition against ex post facto legislation. Therefore, the Court affirms defendant's convictions, but vacates the sentences imposed and remands for resentencing in accordance with the law governing those sentenced to CSL. (pp. 24-26)

The judgment of the Appellate Division is **AFFIRMED IN PART** and **REVERSED IN PART**, and the matter is **REMANDED** to the trial court for resentencing.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON join in JUDGE CUFF'S opinion.**

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

       v.

RICHARD PEREZ, a/k/a JOSE R.
PEREZ,

    Defendant-Appellant.


        Argued September 8, 2014 – Decided February 2, 2015

        On certification to the Superior Court,
        Appellate Division.

        James K. Smith, Jr., Assistant Deputy Public
        Defender, argued the cause for appellant
        (Joseph E. Krakora, Public Defender,
        attorney).

        Megan B. Kilzy, Assistant Prosecutor, argued
        the cause for respondent (Gaetano T.
        Gregory, Acting Hudson County Prosecutor,
        attorney).

    JUDGE CUFF (temporarily assigned) delivered the opinion of the Court.

    In April 2011, defendant Richard Perez pled guilty to child luring and endangering the welfare of a child.  During the plea colloquy, the State introduced text messages in which defendant expressed a desire to engage in explicit sexual activity with the thirteen-year-old victim.  The messages, however, did not propose a specific meeting time or place.  In response to

leading questions from counsel, defendant admitted that he had "attempt[ed] to lure a child whose initials are N.C. to a place where the two of [them] might engage in sexual activity."

The court accepted the guilty plea and sentenced defendant to extended terms of ten years' imprisonment on the luring count and a concurrent five years' imprisonment on the endangering count, both to be served in their entirety. The extended terms were imposed pursuant to N.J.S.A. 2C:43-6.4, which applies to individuals who commit an enumerated offense while serving parole supervision for life (PSL). At the time of his offense, defendant was serving a special sentencing condition of community supervision for life (CSL).

In this appeal, as in State v. Gregory, ___ N.J. ___ (2015) and State v. Tate, ___ N.J. ___ (2015), both decided this date, the Court assesses the sufficiency of the factual basis of defendant's guilty plea. In addition, we consider the legality of the extended-term sentences imposed on defendant. We conclude that defendant's admissions during the plea colloquy, in combination with the text messages introduced at the hearing, established a sufficient factual basis to support his guilty plea to child luring. On the other hand, the imposed sentences are illegal. Defendant was subject to CSL at the time he committed both offenses. CSL and PSL are distinct special post-sentence supervisory schemes for certain sex offenders. The

2

extended term authorized for those who commit statutorily designated offenses while serving the special sentencing condition of CSL does not preclude parole. We, therefore, affirm the conviction on the child-luring count and remand for resentencing on both counts.

I.

On July 9, 2010, defendant Richard Perez placed three phone calls, each going unanswered, to a thirteen-year-old boy (N.C.). Later that evening, defendant sent N.C. a series of four text messages:

> [10:50 p.m.]: Yo u know y i ask u if u ever did it with a man for money dont say nothing but I would like to suck your dick and i want u to fuck me i ll pay don't say anything
>
> [10:53 p.m.]: Think about i ll look out for u just dont say anything to no body that s between u and me
>
> [10:59 p.m.]: Talk to me yes or no
>
> [11:26 p.m.]: Yo i was only playing with u i wanted to know were u were at i m not gay i was only playing with u ok

Without sending a response, N.C. showed the text messages to his grandfather, who contacted the police.

A Hudson County Grand Jury returned an indictment charging defendant with second-degree child luring, in violation of N.J.S.A. 2C:13-6, and third-degree endangering the welfare of a child, in violation of N.J.S.A. 2C:24-4(a).

3

On April 13, 2011, defendant pled guilty to both counts. At the plea hearing, the following exchange took place:

> THE COURT: And are you pleading guilty to these charges because you are, in fact, guilty of each offense?
>
> [DEFENDANT]: Yes, sir.
>
> THE COURT: [Defense counsel]?
>
> [DEFENSE COUNSEL]: Judge, I'll hand you up as a part of the factual basis, what's been marked J-1, which is a photocopy of one text message and I will now make reference to that in my questioning of Mr. Perez.
>
> Mr. Perez, on the 9th day of July, 2010, or on or about the 9th day of July 2010 in the Town of West New York, did you attempt to lure a child whose initials are N.C. to a place where the two of you might engage in sexual relations?
>
> [DEFENDANT]: Yes.
>
> THE COURT: And as a matter of doing that, I am going to show you a copy of what has been marked J-1 for purposes of this Plea Hearing, is this a copy of one of the text messages that you sent?
>
> [DEFENDANT]: Yes.
>
> [DEFENSE COUNSEL]: And I would stipulate to the contents of that text message Judge. And just to complete it, would you agree, Mr. Perez, that that act of luring or enticing and the sending of that text message would tend to impair or debauch the morals of the child that you were attempting to lure?
>
> [DEFENDANT]: Yes.
>
> [PROSECUTOR]: Stipulate to that the victim was 13 at the time?

4

[DEFENSE COUNSEL]:  Yeah, I will stipulate the birthday of N.C. December 24, 1996.

On September 23, 2011, represented by different counsel, defendant moved to withdraw his plea.  The trial court denied the motion and proceeded with sentencing.

The trial court sentenced defendant to extended terms of ten years' imprisonment with a ten-year parole disqualifier on the luring count and a concurrent five years' imprisonment with a five-year parole disqualifier on the endangering count.  Both extended terms were imposed pursuant to N.J.S.A. 2C:43-6.4(e), which, in relevant part, provides the following:  "A person who, while serving a special sentence of parole supervision for life imposed pursuant to this section, commits a violation of . . . [N.J.S.A. 2C:13-6 and N.J.S.A. 2C:24-4] . . . shall be sentenced to an extended term of imprisonment[.]"  At the time of the incident in question, defendant was serving a sentence of CSL stemming from a 1998 conviction for aggravated sexual assault and imposed pursuant to an earlier version of N.J.S.A. 2C:43-6.4.  A 2003 amendment replaced all references to "community supervision for life" with "parole supervision for life."  See L. 2003, c. 267, § 1 (eff. Jan. 14, 2004).

Defendant filed a notice of appeal.  He advanced two arguments before the Appellate Division:  first, that the trial court should not have accepted defendant's plea to luring

5

because there was no evidence he had tried to entice the child to "meet" him at a "place," and second, that the extended-term sentences were illegal because defendant was serving CSL, not PSL.[1]

The Appellate Division affirmed the conviction and sentences. According to the panel, "[a]lthough a specific location was not identified in the allocution, and may not have even been determined by defendant before he abandoned his plan, the legislative history indicates that such specificity is not required by the statute." Rather, "[i]t is sufficient if the evidence showed defendant's intent generally 'to meet or appear at any other place' for the purpose of engaging in sexual acts 'with or against the child.'" (Quoting N.J.S.A. 2C:13-6).

The appellate panel noted that since its enactment, the child-luring statute has been amended multiple times to expand the scope of its protection. According to the panel, "[t]he legislative history makes clear the primary intent of the statute is to create greater protection for children by expanding the reach of the statute and by increasing the penalties associated with the crime's commission."

---

[1] After defendant filed his notice of appeal, the Chairman of the State Board of Parole wrote to the trial judge questioning the parole ineligibility provision. The Chairman noted that defendant was subject to CSL, not PSL. The judge responded that he considered the statutory change from CSL to PSL a matter of form not substance.

6

Addressing the sentence, the panel reasoned that the word-for-word substitution of "parole" for "community" suggests that the amendment was "a matter of form and not substance."  All that changed was the phrase used to describe a defendant's status.  The panel further relied on State v. Jamgochian, 363 N.J. Super. 220, 227 (App. Div. 2003), in which the Appellate Division held that "the nature of community supervision for life [is] the functional equivalent of life-time parole."

We granted defendant's petition for certification, State v. Perez, 213 N.J. 568 (2013).

## II.

### A.

In the present appeal, defendant renews the same arguments presented to the Appellate Division.  He continues to assert that his guilty plea to luring was not supported by an adequate factual basis.

Specifically, defendant contends that he was not guilty of child luring "because his entreaties never reached the point of trying to lure or entice the boy into meeting him."  While conceding that his first text message "clearly indicates a desire to have sex with the boy," defendant argues that his conduct does not satisfy the "geographic component" of the child-luring statute.

7

Turning to the sentence, defendant contends that the imposition of mandatory extended terms without parole eligibility, based on his CSL status, constitutes a violation of the United States and New Jersey Constitutions' prohibitions against ex post facto penal laws.  U.S. Const. art. I, § 10, cl. 1; N.J. Const., art. IV, § 7, ¶ 3.

B.

The State responds that there was an adequate factual basis.  It asserts that the text messages provide a clear indication of defendant's attempt to entice the child from his home to engage in sexual conduct.  This intention is further substantiated by defendant's admissions during the plea colloquy.  Referring to this Court's decision in State v. Perez (Manuel), the State notes that the purpose of the luring statute is "to 'criminalize the early stages of what may develop into a kidnapping or a sex offense.'"  177 N.J. 540, 548 (2003) (quoting Cannel, New Jersey Criminal Code Annotated, N.J.S.A. 2C:13-6 cmt. 1 (2000)).  The State urges that defendant's conduct was "exactly what the statute was intended to protect against."  Furthermore, the State argues that legislative history reflects a broadening of the statute's language and supports a more generalized interpretation of "place" that captures an attempt to meet "somewhere," and does not require a specific or identifiable place.

8

Addressing the challenge to the mandatory extended term without parole, the State argues that the two terms, "community" and "parole," are interchangeable and, as such, the sentences were permissible. The State refers to a statement by the Committee on Law and Public Safety which provides that the 2003 amendment "clarifies that lifetime community supervision for life for sex offenders is parole supervision." S. Law & Pub. Safety & Veterans' Affairs Comm. Statement to S. 2659 (2004). Additionally, the State emphasizes that persons under CSL are supervised by the Parole Board. For these reasons, the State contends that the distinction between CSL and PSL is one of form not substance.

III.

A.

Our evaluation begins with an assessment of defendant's guilty plea to the child-luring count.

As a general matter, a court may accept a guilty plea only after determining "by inquiry of the defendant . . . that there is a factual basis for the plea." R. 3:9-2. The rule provides in relevant part that

> the court . . . shall not accept such plea without first questioning the defendant personally, under oath or by affirmation, and determining by inquiry of the defendant and others . . . that there is a factual basis for the plea and that the plea is made voluntarily, not as a result of any threats or

of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge and the consequences of the plea.  In addition to its inquiry of the defendant, the court may accept a written stipulation of facts, opinion, or state of mind that the defendant admits to be true, provided the stipulation is signed by the defendant, defense counsel, and the prosecutor.

[R. 3:9-2.]

Indeed, "it is essential to elicit from the defendant a comprehensive factual basis, addressing each element of a given offense in substantial detail."  State v. Campfield, 213 N.J. 218, 236 (2013).  The "court must be 'satisfied from the lips of the defendant,'" State v. Smullen, 118 N.J. 408, 415 (1990) (quoting State v. Barboza, 115 N.J. 415, 422 (1989)), that he committed every element of the crime charged, State v. Sainz, 107 N.J. 283, 293 (1987).

The requirement of a factual basis "is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge."  Barboza, supra, 115 N.J. at 421 (internal quotation marks omitted).  In fact, "[e]ven if the defendant wished to plead guilty to a crime he or she did not commit, he or she may not do so."  Smullen, supra, 118 N.J. at 415.

10

A defendant may not plead guilty to an offense while maintaining his innocence because this Court will not sanction perjury as a permissible basis to resolve pending criminal charges by way of a guilty plea. State v. Taccetta, 200 N.J. 183, 195-96 (2009). Receiving a factual statement directly from a defendant or obtaining a defendant's acceptance of the veracity of facts in a written statement or report that addresses each element of the charged offense reduces the possibility that a defendant will enter a guilty plea to an offense that he has not committed.[2]

Moreover, a defendant must do more than establish that he or she discussed the case with counsel and family. State v. T.M., 166 N.J. 319, 333 (2001). Such discussions only address whether the plea is knowing and voluntary. A defendant must do more than accede to a version of events presented by the prosecutor. Ibid. Rather, a defendant must admit that he engaged in the charged offense and provide a factual statement or acknowledge all of the facts that comprise the essential

---

[2] We recognize that, in certain limited circumstances, a particular element of an offense may address a fact that is beyond a defendant's knowledge. For example, defendants may not know whether an unlawful transaction occurred within 1000 feet of a school. To satisfy such an element, prosecutors should make an appropriate representation on the record at the time of the hearing, so that defendants can acknowledge or dispute it.

elements of the offense to which the defendant pleads guilty.
Ibid.

In the present case, our evaluation of the factual basis requires an examination of the child-luring statute, which, in relevant part, provides the following:

> A person commits a crime of the second degree if he attempts, via electronic or other means, to lure or entice a child or one who he reasonably believes to be a child into a motor vehicle, structure, or isolated area, or to meet or appear at any other place, with a purpose to commit a criminal offense with or against the child.
>
> [N.J.S.A. 2C:13-6(a).]

The original version of this statute, as enacted in 1993, applied only to attempts to lure a child into a motor vehicle. L. 1993, c. 291, § 1. The statute was amended a year later to extend to attempts to lure a child into a "structure, or isolated area." L. 1994, c. 91, § 1. The statute was amended again in 1999 to establish a mandatory-minimum term of imprisonment. L. 1999 c. 277, § 1. A 2001 amendment extended the scope of the statute to attempts to lure or entice a child "to meet or appear at any other place." L. 2001, c. 233, § 1. The amendment specifically criminalized attempts "via electronic or other means," as well as against individuals the offender "reasonably believe[d] to be a child." Ibid. The statute was again amended in 2003 to upgrade the offense to a crime of the

12

second degree.  L. 2003, c. 229, § 1.  The purpose of the luring statute is "to 'criminalize the early stages of what may develop into kidnapping or a sex offense.'"  Perez (Manuel), supra, 177 N.J. at 548 (quoting Cannel, supra, New Jersey Criminal Code Annotated, N.J.S.A. 2C:13-6 cmt. 1).  The successive amendments were designed to capture a broader array of contacts or events that may lead to a kidnapping or sexual offense.

In its current iteration, the offense of luring has three distinct elements: (1) the accused attempted to lure or entice into a motor vehicle, structure, or isolated area, or to meet or appear at any place, (2) a child under the age of eighteen, (3) with a purpose to commit a criminal offense with or against that child.  See id. at 550.[3]

B.

In evaluating whether defendant has provided an adequate factual basis to the charge of child luring, particularly when the contact between him and the victim occurred by means of electronic messages, it is imperative that defendant admitted to sufficient facts to distinguish between an actual attempt to lure from mere expressions of fantasy.  Furthermore, even in the face of messages explicitly expressing a desire to engage in sexual conduct with a child, defendant had to admit that he

---

[3] Perez (Manuel) pre-dated the 2001 amendment, which added the "or to meet or appear at any place" language.

intended for his conduct to actually culminate in a meeting and the commission of the offense.

In this case, we conclude that defendant provided an adequate factual basis to support his plea of guilty to second-degree child luring. Defendant admitted that he authored and sent text messages to N.C. He admitted that the messages sent to N.C. proposed that they engage in sexual contact. He agreed that the messages contained in the joint exhibit were the messages he sent to N.C. Defendant admitted that he knew that N.C. was under the age of eighteen, and he admitted that he sent the messages in an attempt to lure N.C. to a place where they could engage in sexual relations.

To be sure, it is always preferable for a defendant to utter the words that describe specifically what he did on a specific date or time that constitutes the offense to which he pleads guilty, and that is so here. Defendant provided an adequate factual statement. Some defendants, however, may find it difficult to speak at length on any subject let alone in a courtroom. The nature of the offense may also inhibit a recitation of the facts of a particular charge. No matter how difficult, an adequate factual basis must be provided.

T.M., supra, 166 N.J. at 331, illustrates this rule. In T.M., the defendant was charged with a sexual offense against a child victim. We have acknowledged that "'child-sexual-assault

14

cases are extremely difficult, both for the defendants and the victims.  Courts taking pleas are undoubtedly conscious of the need to end the suffering.'"  Ibid. (quoting Smullen, supra, 118 N.J. at 418).  Defendant's reluctance to speak of his communications with his thirteen-year-old victim was palpable. Unlike the plea proceeding in T.M., however, defendant responded affirmatively to the questions posed by his attorney, thereby admitting that he "attempt[ed] to lure a child whose initials are N.C. to a place where the two . . . might engage in sexual relations."

We therefore conclude that defendant provided an adequate factual basis to the charge of luring and affirm the conviction.

IV.

A.

In 1998, defendant was convicted of aggravated sexual assault and armed burglary.  He was sentenced to concurrent terms of sixteen years in prison on the aggravated sexual assault offense and ten years in prison on the armed burglary offense.[4]  The trial court also imposed a special sentence of CSL.

---

[4] Defendant was initially sentenced to concurrent terms of sixteen years in prison subject to an eight-year period of parole ineligibility for the aggravated sexual assault offense and ten years in prison subject to a five-year period of parole ineligibility for the armed burglary offense.  After several

CSL is a component of the Violent Predator Incapacitation Act, which is also a component of a series of laws, enacted in 1994, commonly referred to as "Megan's Law." See State v. Schubert, 212 N.J. 295, 305 (2012). The Legislature describes CSL as "a special sentence." N.J.S.A. 2C:43-6.4(a). CSL is designed to protect the public from recidivism by sexual offenders. J.B. v. N.J. State Parole Bd., 433 N.J. Super. 327, 336 (App. Div. 2013) (citing Jamgochian v. N.J. State Parole Bd., 196 N.J. 222, 237-38 (2008)), certif. denied, 217 N.J. 296 (2014). To that end, defendants subject to CSL are supervised by the Parole Board and face a variety of conditions beyond those imposed on non-sex-offender parolees. N.J.A.C. 10A:71-6.11. N.J.A.C. 10A:71-6.11 sets forth general conditions that govern the lives of sex offenders subject to CSL, including approval of their residence, N.J.A.C. 10A:71-6.11(b)(5); approval of any change of residence, N.J.A.C. 10A:71-6.11(b)(5)-(6); and approval of employment and notice of any change in employment status, N.J.A.C. 10A:71-6.11(b)(14)-(15). A defendant under CSL may be subjected to a yearly polygraph examination, N.J.A.C. 10A:71-6.11(b)(21); imposition of a curfew, N.J.S.A. 10A:71-6.11(b)(17); and restrictions on access

---

modifications, defendant received concurrent terms of sixteen years and ten years in prison for the aggravated sexual assault and armed burglary offenses, respectively. At all times, the sentence included CSL.

to and use of the internet, N.J.A.C. 10A:71-6.11(b)(22), J.B., supra, 433 N.J. Super. at 344.

A 2003 amendment to N.J.S.A. 2C:43-6.4 replaced all references to "community supervision for life" with "parole supervision for life." L. 2003, c. 267, § 2 (eff. Jan. 14, 2004). Since then, N.J.S.A. 2C:43-6.4 has been amended several times. The current version contains numerous provisions that were absent from any pre-2003 version of the statute. For example, the Legislature has directed that "for the purpose of calculating the limitation on time served pursuant to [N.J.S.A. 30:4-123.65], the custodial term imposed upon the defendant related to the special sentence of parole supervision for life shall be deemed to be a term of life imprisonment." N.J.S.A. 2C:43-6.4(b).

In addition, the current version of N.J.S.A. 2C:43-6.4(e) provides that an individual who commits one of the enumerated sex offenses while on PSL shall be sentenced to an extended term of imprisonment that "shall . . . be served in its entirety prior to the person's resumption of the term of parole supervision for life." By contrast, pursuant to the pre-amendment version of N.J.S.A. 2C:43-6.4(e), a defendant on CSL status who committed an enumerated offense was subject to a mandatory extended term but was also eligible for parole.

Defendant contends that the extended terms of imprisonment imposed on him are unconstitutional. He argues that CSL and PSL are not interchangeable statuses. Rather, he maintains that the special sentencing condition of PSL enhances the penal consequences of his existing CSL status and such an alteration violates the Ex Post Facto Clauses of the United States Constitution and the New Jersey Constitution. The State insists that the amendment effected a change in nomenclature and merely clarifies the intent of the Legislature.

The Ex Post Facto Clause of the U.S. Constitution prohibits "any statute which punishes . . . an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available . . . at the time when the act was committed." Baezell v. Ohio, 269 U.S. 167, 169, 46 S. Ct. 68, 68, 70 L. Ed. 216, 217 (1925). The Ex Post Facto Clause is "aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 504, 115 S. Ct. 1597, 1601, 131 L. Ed. 2d 588, 594 (1995) (quoting Collins v. Youngblood, 497 U.S. 37, 43, 110 S. Ct. 2715, 2719, 111 L. Ed. 2d 33, 39 (1990)). To constitute an ex post facto penal law, a change in the law "'must be retrospective, that is, it must apply to events occurring before its enactment, and it

18

must disadvantage the offender affected by it.'" State v. Natale, 184 N.J. 458, 491 (2005) (quoting Weaver v. Graham, 450 U.S. 24, 29, 101 S. Ct. 960, 964, 67 L. Ed. 2d 17, 23 (1981)). "There is 'no ex post facto violation . . . if the change in the law is merely procedural and does not increase the punishment, nor change the ingredients of the offence or the ultimate facts necessary to establish guilt.'" Ibid. (alteration in original) (internal quotation marks and citations omitted) (quoting Miller v. Florida, 482 U.S. 423, 433, 107 S. Ct. 2446, 2452-53, 96 L. Ed. 2d 351, 362 (1987)). New Jersey's ex post facto jurisprudence follows the federal jurisprudence. State v. Fortin, 178 N.J. 540, 608 n.8 (2004).

Recently, this Court addressed whether imposition of newly enacted restrictions on sex offenders could be applied, consistent with federal and state ex post facto protections, to an individual whose offense pre-dated the enactment of the restrictions. Riley v. N.J. State Parole Bd., 219 N.J. 270 (2014). In 2007, the Legislature enacted the Sex Offender Monitoring Act (SOMA), N.J.S.A. 30:4-123.89 to -123.95, and the Parole Board sought to apply it to Riley, who had committed a predicate sexual offense in 1986 and had been released from prison in 2009 under no form of parole supervision. Id. at 274-75. Six months later, the Parole Board advised Riley that he was subject to SOMA, under which he would have to wear a global

19

positioning system device twenty-four hours a day for the rest of his life. Id. at 276-77. Riley was also advised that he would be assigned a monitoring parole officer to whom he would have to report and grant access to his home. Ibid. In addition, certain restrictions were placed on his movements. Ibid. Failure to comply would constitute a third-degree offense. Id. at 277.

This Court held that "[t]he constraints and disabilities imposed on Riley by SOMA . . . clearly place this law in the category of a penal rather than civil law." Id. at 275. Therefore, its application to Riley, whose offense occurred twenty-three years before the enactment of SOMA, violated the Ex Post Facto Clauses of the federal and state constitutions. Id. at 297.

B.

It is undisputed that defendant was serving a special sentencing condition of CSL at the time he committed the second-degree luring and third-degree endangering offenses for which he received mandatory extended terms with no parole eligibility pursuant to N.J.S.A. 2C:43-6.4(e). Resolution of defendant's contention that such terms violate the ex post facto prohibitions of the federal and state constitutions turns on whether the 2003 amendment makes more burdensome the punishment of a crime after its commission. That inquiry turns on whether

20

the special sentencing condition of CSL is considered penal or remedial.

In Doe v. Poritz, 142 N.J. 1, 40-77 (1995), this Court determined that the registration and notification provisions applicable to sexual offenders, N.J.S.A. 2C:7-1 to -23, which form a significant part of "Megan's Law," did not constitute punishment. By contrast, this Court has held that the breadth of the supervision imposed on a defendant subject to CSL clearly expressed the Legislature's view that CSL was "an integral part of a defendant's sentence, imposed as part of a court's sentencing authority, rather than a defendant's administrative obligation following completion of the sentence." Schubert, supra, 212 N.J. at 307. Recognizing the punitive nature of CSL, this Court determined that a trial court could not modify a previously imposed sentence to include CSL once the defendant had completed his sentence. Id. at 313.

PSL must similarly be considered a punitive rather than a remedial or administrative obligation of a defendant convicted of a qualifying sexual offense. Its numerous restrictions, which monitor every aspect of the daily life of an individual convicted of a qualifying sexual offense and expose that individual to parole revocation and incarceration on the violation of one, some, or all conditions, commence once a defendant completes his probationary or custodial sentence.

21

In addition, a close examination of the pre- and post-2003 versions of N.J.S.A. 2C:43-6.4 belies the contention that the 2003 and subsequent amendments to the statute must be considered simply a clarification of prior law rather than a substantive change to the CSL post-sentence supervisory scheme. The changes implemented by the Legislature go far beyond a simple change in nomenclature. Rather, the Legislature has manifested that CSL and PSL were and are intended to be penal rather than remedial post-sentence supervisory schemes. See Schubert, supra, 212 N.J. at 314 (commenting that purported clarification of N.J.S.A. 2C:43-6.4 underscores legislative intent that CSL and PSL are penal rather than remedial supervisory schemes). Several of the alterations or clarifications effect substantive changes to the CSL scheme.

Persons serving CSL are "supervised as if on parole." N.J.S.A. 2C:43-6.4(b). Any violation of one or more conditions of CSL is a fourth-degree offense. N.J.S.A. 2C:43-6.4(d). In other words, a violation of CSL is punishable only as a crime; the Parole Board cannot return a defendant to prison through the parole-revocation process. Sanchez v. N.J. State Parole Bd., 368 N.J. Super. 181, 184 (App. Div. 2004), appeal dismissed per stipulation, 187 N.J. 487 (2006). The Parole Board's "only recourse" is to refer the matter to the county prosecutor, who may or may not seek to present the matter to a grand jury. Id.

22

at 185.  By contrast, following the 2003 amendment, a defendant who commits a predicate offense and is sentenced to PSL is "in the legal custody of the Commissioner of Corrections [and] shall be supervised by the Division of Parole of the State Parole Board" for life.  N.J.S.A. 2C:43-6.4.  A violation of PSL may be prosecuted as a fourth-degree offense, N.J.S.A. 2C:43-6.4(d), but it may also be treated as a parole violation, N.J.S.A. 2C:43-6.4(b).  The State conceded at oral argument that the almost-universal practice since the enactment of the 2003 amendments is to revoke a defendant's parole and return him to prison.

In addition, a defendant serving a special sentence of CSL who commits an enumerated offense is subject to a mandatory extended term under N.J.S.A. 2C:43-6.4(e)(1).[5]  The prosecutor, however, is required to notify the court and the defendant of her intention to seek such a sentence, and the defendant has the opportunity to controvert the grounds cited by the prosecutor, N.J.S.A. 2C:43-6.4(e)(2).  A defendant subject to CSL who is sentenced to an extended term pursuant to N.J.S.A. 2C:43-6.4(e)(1) is eligible for parole.  In its original form, the extended term authorized by N.J.S.A. 2C:43-6.4(e) seems to reflect the holding in State v. Lagares, 127 N.J. 20, 32-33

---

[5] When discussing CSL, we are referring to N.J.S.A. 2C:43-6.4 as it existed before the 2003 amendment.

(1992), requiring the prosecutor to state the reasons for seeking a mandatory extended term and permitting a defendant an opportunity to establish that an extended term is an arbitrary and capricious exercise of the prosecutor's discretion. By contrast, in its current form, N.J.S.A. 2C:43-6.4 provides that the extended term shall be "served in its entirety prior to the person's resumption of the term of parole supervision for life." In other words, a person serving a special sentence of PSL who commits an enumerated offense is not eligible for parole and will spend more years in prison than a person serving a special sentence for CSL who commits the same offense.

This is not a difference in form. The elimination of any prospect for parole enhances the penal consequences for a person placed on CSL status before January 14, 2004. Applying the current version of N.J.S.A. 2C:43-6.4(e) to defendant requires him to spend many additional years in prison due to this so-called clarification. As applied to defendant, the 2003 amendment to N.J.S.A. 2C:43-6.4(e) enhances the punitive consequences of the special sentence of CSL to his detriment and violates the federal and state prohibition of ex post facto legislation. We vacate the sentence imposed and remand for resentencing in accordance with the law governing those sentenced to CSL.

V.

24

In sum, to support a guilty plea to child luring in violation of N.J.S.A. 2C:13-6a, we hold that defendant was required to admit, or acknowledge the veracity of facts presented to him, that he attempted to lure or entice into a motor vehicle, structure, or isolated area, or to meet or appear at any place, a child under the age of eighteen, with a purpose to commit a criminal offense with or against that child. Here, defendant provided an adequate factual basis for his plea when he admitted that he composed and sent four text messages to a child whom he knew was a minor. He also admitted that he sent those text messages in an attempt to lure that child to a place where they could engage in sexual relations. We therefore affirm defendant's conviction of second-degree luring contrary to N.J.S.A. 2C:13-6.

We also hold that the 2003 and subsequent amendments to N.J.S.A. 2C:43-6, by which the special sentence of PSL is introduced to the sentencing scheme for some sexual offenders and which substitutes PSL for CSL, cannot be considered a simple clarification of the Legislature's intent about the nature of the special condition of post-sentence supervision of certain sexual offenders. Rather, the 2003 amendment accomplishes two substantive alterations. First, it confirms the penal nature of the special conditions of CSL and PSL. Second, it enhances the penal exposure of a person previously sentenced to CSL for

25

certain offenses committed while sentenced to that status. Such an enhancement violates the Ex Post Facto Clauses of the federal and state constitutions. We therefore vacate the sentence imposed and remand for resentencing in accordance with the law governing those sentenced to CSL.

VI.

The judgment of the Appellate Division is affirmed in part and reversed in part and the matter is remanded for resentencing.

CHIEF JUSTICE RABNER; and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON join in JUDGE CUFF's opinion.

26

SUPREME COURT OF NEW JERSEY

NO.    A-25                          SEPTEMBER TERM 2013

ON CERTIFICATION TO      Appellate Division, Superior Court

STATE OF NEW JERSEY,

       Plaintiff-Respondent,

             v.

RICHARD PEREZ, a/k/a JOSE R.
PEREZ,

       Defendant-Appellant.

DECIDED          February 2, 2015
             Chief Justice Rabner                    PRESIDING
OPINION BY              Judge Cuff
CONCURRING/DISSENTING OPINIONS BY
DISSENTING OPINION BY

| CHECKLIST | AFFIRM IN PART/ REVERSE IN PART/ REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 7 | |