# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3190-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

W.D.,

    Defendant-Appellant.

_____

Submitted May 10, 2018 — Decided June 25, 2018

Before Judges Simonelli and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Accusation No. 10-06-1134.

Collins, Vella & Casello, LLC, attorneys for appellant (Gregory W. Vella, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jacqueline M. Quick, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

On June 18, 2010, defendant entered a negotiated guilty plea to a one-count accusation charging him with fourth-degree

endangering the welfare of a child by knowingly possessing digital files depicting underage children engaged in prohibited sexual acts, N.J.S.A. 2C:24-4(b)(5)(b). On September 10, 2010, he was sentenced in accordance with the plea agreement to a one-year noncustodial probationary term, subject to standard and special conditions of probation and mandatory fines and penalties. On October 3, 2016, defendant filed a petition seeking to expunge the conviction. On February 16, 2017, the trial court denied the petition pursuant to N.J.S.A. 2C:52-2(b), which barred the expungement of convictions for N.J.S.A. 2C:24-4(b)(5)(b). Defendant now appeals from the dismissal of his petition for expungement, raising the following single point for our consideration:

> THE TRIAL COURT ERRED IN DISMISSING THE EXPUNGEMENT.

We affirm.

We review the trial court's application of N.J.S.A. 2C:52-2(b) to defendant's expungement petition de novo. In re Expungement in re J.S., 223 N.J. 54, 72 (2015). Prior to 2013, a person convicted of possession of child pornography in violation of N.J.S.A. 2C:24-4(b)(5)(b) was eligible to file a petition for expungement following the completion of the sentence. On August 14, 2013, the Legislature amended the Act to include violations

under N.J.S.A. 2C:24-4(b)(5)(b) among those offenses ineligible for expungement. L. 2013, c. 136, § 3. The amendment took effect immediately and, pursuant to N.J.S.A. 2C:52-25, applied to "arrests and convictions which occurred prior to, and which occur subsequent to, the effective date of [the amendment]." Previously, on May 6, 2013, in a separate bill, the Legislature had upgraded possession of child pornography in violation of N.J.S.A. 2C:24-4(b)(5)(b) from a crime of the fourth degree to a crime of the third degree, thereby increasing the associated penalties, effective July 1, 2013. L. 2013, c. 51, § 13.

Defendant urges that because "his right to expunge [his] record vested when he pled" in 2010, at a time when possession of child pornography in violation of N.J.S.A. 2C:24-4(b)(5)(b) was not a disqualifying offense for expungement purposes and was, in fact, a fourth-degree rather than a third-degree crime, application of the 2013 amendment to preclude his 2016 expungement petition violates the ex post facto clauses of the United States and New Jersey Constitutions. U.S. Const. art. I, § 9, cl. 3; U.S. Const. art. I, § 10, cl. 1; N.J. Const. art. IV, § 7, ¶ 3. In addition, defendant argues that he is "disadvantage[d]" and being "further punish[ed]" because "he is unable to obtain housing for his wife and child," and is "prohibited from getting a good job due to his record." We reject these arguments.

N.J.S.A. 2C:52-2(b)'s language rendering certain offenses not subject to expungement is clear and unambiguous and the Legislature had the right to expand the types of offenses for which the remedy of expungement is not available, and to accord retroactive effect to the amendment, without offending ex post facto clauses of both the Federal and State Constitutions. State v. T.P.M., 189 N.J. Super. 360, 364 (App. Div. 1983). A violation of ex post facto laws under both the Federal and State Constitutions occurs when legislation either: (1) punishes as a crime an act that was innocent when done; (2) makes the punishment of a crime more burdensome after its commission; or (3) deprives a defendant of a defense that was available when the crime was committed. State v. Muhammad, 145 N.J. 23, 56 (1996) (citing Beazell v. Ohio, 269 U.S. 167, 169-70 (1925)).

"To constitute an ex post facto penal law, a change in the law 'must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.'" State v. Perez, 220 N.J. 423, 438 (2015) (quoting State v. Natale, 184 N.J. 458, 491 (2005)). However, "[t]here is 'no ex post facto violation . . . if the change in the law is merely procedural and does not increase the punishment, nor change the ingredients of the offence or the ultimate facts necessary to establish guilt.'" Id. at 438-39

(alteration in original) (quoting Natale, 184 N.J. at 491). Here, the 2013 amendment to N.J.S.A. 2C:52-2(b) does not fall into any of the categories triggering ex post facto laws. By virtue of the amendment, defendant's punishment was not increased and he was not deprived of a defense. See Muhammad, 145 N.J. at 56. The adverse effects of the statute in depriving defendant of the opportunity to obtain housing and a good job as he alleges are indirect collateral consequences. See T.P.M., 189 N.J. Super. at 367.

Moreover, the expungement statute is remedial rather than punitive in nature and does not prolong a defendant's sentence. Id. at 367-68. "[T]he possible availability of an expungement is really not a sentencing consideration and relates to neither the form of sentence nor the extent of punishment." Id. at 368. A "[d]efendant's interest in expungement . . . [is] only in obtaining a potential remedy, not retaining something which had already inured to his benefit." Ibid. Although the collateral consequence of the statute in preventing the removal of the civil disability inhering in a criminal record may seem harsh, the 2013 amendment to N.J.S.A. 2C:52-2(b) did not take away a benefit that defendant had previously secured. Ibid. Indeed, defendant's eligibility to apply for expungement only occurred after a five-year offense-free period had passed following "satisfactory completion of probation[,]" and required a finding by "the court . . . in its

discretion that expungement [was] in the public interest, giving due consideration to the nature of the offense," and "the [defendant's] character and conduct since the conviction . . . ." N.J.S.A. 2C:52-2(a)(2). Thus, contrary to defendant's argument, the amendment to N.J.S.A. 2C:52-2(b) did not take away a benefit that he had previously secured because his eligibility to apply for expungement did not arise in 2010 when he pled but rather in September 2016, over three years after the enactment of the amendment.

"A 'statutory expectation' does not 'mean that in addition to the full panoply of due process required to convict and confine' the expectation becomes a protected liberty interest." T.P.M., 189 N.J. Super. at 364-65 (quoting Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1, 14 (1979)). "Legislation which readjusts rights and burdens is not unconstitutional solely because it upsets settled expectations." Id. at 365 (citation omitted). As we previously noted in T.P.M., "[t]he existence of a criminal record is simply a fact of life, not part of the sentence and punishment. Defendant [has] no constitutionally protected right to assume that the legislative remedy of expungement [is] immutable." Id. at 368.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3190-16T4