# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4628-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

FRANKLIN JACK BURR, II,

     Defendant-Appellant.

_____

Submitted September 27, 2021 – Decided October 27, 2021

Before Judges Rothstadt, Mayer, and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 04-05-0726.

Evelyn F. Garcia, attorney for appellant.

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Franklin Jack Burr, II (Registrant) appeals from the Law Division's July 16, 2020 denial of his motion for reconsideration of a January 24, 2020 order that denied his motion to terminate his obligations under Community Supervision for Life (CSL),[1] N.J.S.A. 2C:43-6.4, and the Registration and Community Notification Law, N.J.S.A. 2C:7-1 to -23, also known as Megan's Law,[2] which were imposed at his sentencing in 2010, after he was tried for a

---

[1] "A 2003 amendment replaced all references to '[CSL]' with 'parole supervision for life [(PSL)].'" In re J.S., 444 N.J. Super. 303, 306 n.2 (App. Div. 2016) (quoting State v. Perez, 220 N.J. 423, 429 (2015) (quoting L. 2003, c. 267, § 1)). And, as amended, the statute imposed a higher burden of proof on registrants seeking to be terminated from PSL. N.J.S.A. 2C:43-6.4(c) (2004). In this case, registrant was not subjected to that higher burden of proof.

"CSL is a component of the Violent Predator Incapacitation Act, which is also a component of a series of laws, enacted in 1994, commonly referred to as 'Megan's Law.'" Perez, 220 N.J. at 436-37 (quoting State v. Schubert, 212 N.J. 295, 305 (2012)). "CSL is designed to protect the public from recidivism by sexual offenders. To that end, defendants subject to CSL are supervised by the Parole Board and face a variety of conditions beyond those imposed on non-sex-offender parolees." Id. at 437. PSL's "restrictions . . . monitor every aspect of the daily life of an individual convicted of a qualifying sexual offense and expose that individual to parole revocation and incarceration on the violation of one, some, or all conditions." In the Matter of H.D., 241 N.J. 412, 421 (2020) (quoting State v. Hester, 233 N.J. 381, 441 (2018)). The term of CSL "follows immediately after the parolee's release from incarceration, if applicable." J.B. v. N.J. State Parole Bd., 433 N.J. Super. 327, 336-37 (App. Div. 2013).

[2] "Megan's Law requires 'prescribed categories of sex offenders [to] register with law enforcement agencies through a central registry maintained by the

second time for offenses he committed in 2004. On appeal, registrant argues the following points:

POINT I

THE [MOTION] JUDGE ERRED BY RELYING ON THE CURRENT AMENDMENT OF LAW TO SUPPORT HER DECISION TO DENY THE REGISTRANT'S PETITION FOR TERMINATION OF CSL AND MEAGAN'S [SIC] LAW REGISTRATION, INSTEAD OF THE LAW THAT WAS IN EFFECT ON THE DATE OF THE OFFENSE.

POINT II

[REGISTRANT] HAS BEEN CONTINUOUSLY UNDER COMMUNITY SUPERVISION SINCE 2004.

POINT III

TO DENY [REGISTRANT'S] PETITION TO BE RELEASED FROM CSL AND MEGAN'S LAW REQUIREMENTS CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT. [(Not Raised Below).]

POINT IV

THE [MOTION] JUDGE ERRED IN RELYING ON STATUTORY LANGUAGE THAT DID NOT EXIST AT THE TIME OF THE OFFENSE.[3]

---

Superintendent of State Police. N.J.S.A. 2C:7-2(a)(1), 4(d).'" J.S., 444 N.J. Super. at 306 n.1 (quoting In re Registrant N.B., 222 N.J. 87, 89 (2015)).

[3] Additionally, registrant argues a new issue in his reply brief, contending that if we "accept[] the State's position, then the State is exposed to a double jeopardy

We are not persuaded by registrant's arguments and affirm, substantially for the reasons stated by Judge Diane Pincus in her January 24, 2020 and July 16, 2020 written decisions.

The salient facts are generally undisputed and are summarized from the motion record as follows. On August 2, 2001, registrant was arrested and eventually charged with second-degree sexual assault, N.J.S.A. 2C:14-2(b), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). He pled guilty to third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), and, on April 22, 2002, was sentenced to two-years-probation. This sentence did not include the imposition of CSL or Megan's Law requirements.

On January 14, 2004, registrant was arrested for an offense committed on or about January 7, 2004. He was eventually charged with second-degree sexual assault, N.J.S.A. 2C:14-2(b), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). After a jury trial, registrant was convicted of

---

violation." Because registrant raised this argument for the first time before us in his reply brief, we do not consider it properly before us and is deemed waived. State v. Amboy Nat'l Bank, 447 N.J. Super. 142, 148 n.1 (App. Div. 2016) (citing Drinker Biddle & Reath, LLP v. N.J. Dep't of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011); Pressler and Verniero, Current N.J. Court Rules, comment 4 on R. 2:6-2 (2016)). Moreover, registrant raised a substantially similar argument before us in his appeal from the denial of his motion to correct an illegal sentence. See State v. Burr, No. A-1255-13 (App. Div. Oct. 31, 2016) (slip op. at 5-6).

A-4628-19

second-degree sexual assault, N.J.S.A. 2C:14-2(b), and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). On April 22, 2005, registrant was sentenced to a six-year term, Megan's Law registration, and CSL.[4] Registrant was taken into custody pursuant to that sentence..

Registrant successfully appealed the April 2005 conviction, which we vacated on May 8, 2007, and remanded for a new trial. State v. Burr, 392 N.J. Super. 538, 576 (App. Div. 2007), aff'd as modified, 195 N.J. 119 (2008). Registrant posted bond and was released from prison on August 29, 2007, pending the State's unsuccessful appeal to the New Jersey Supreme Court and his new trial.

After a new jury trial, registrant was convicted of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). On August 20, 2010, he was sentenced to a three-year term, Megan's Law registration and CSL, and he was remanded to State prison. A judgment of conviction reflecting his sentence was entered on August 26, 2010. The next day, registrant was released from incarceration based upon the jail credits he received for the time he served

---

[4] Registrant was subjected to CSL rather than PSL because his crime occurred days before the effective date of the amendment that created PSL.

before his original conviction was vacated.  On September 10, 2010, registrant

signed an acknowledgment of his obligations under Megan's Law and CSL.[5]

Registrant then appealed from his 2010 conviction.  We affirmed, the New

Jersey Supreme Court denied certification, and the United States Supreme Court

rejected his petition for certiorari.  State v. Burr, No. A-2671-10 (App. Div. May

13, 2013) (slip op. at 3-10), certif. denied, 216 N.J. 365 (2013), cert. denied, 574

U.S. 995 (2014).

In 2016, registrant unsuccessfully appealed from the denial of a motion to

correct an illegal sentence that challenged, among other things, his being placed

under CSL and Megan's Law.  We held his arguments were without merit to the

extent they were not otherwise moot.  State v. Burr, No. A-1255-13 (App. Div.

Oct. 31, 2016) (slip op. at 3).  The New Jersey Supreme Court denied his petition

for certification.  State v. Burr, 229 N.J. 583 (2017).

---

[5]  Neither party has included in their appendix a copy of the Megan's Law registration form, but Judge Pincus referred to it in her July 2020 decision. Neither party indicated on appeal that the judge was wrong about her observation.  In fact, as mentioned infra, registrant claims the judge should not have considered the form, which was part of the court's record.

On November 4, 2019, registrant filed a motion to terminate his Megan's Law and CSL obligations.[6] On January 24, 2020, after hearing oral argument, Judge Pincus denied registrant's motion, setting forth her reasons in a comprehensive written decision.

According to the judge's decision, registrant's argument was that he met the requirements for being relieved of his CSL and Megan Law's obligations because "he has been offense free for fifteen years since October 28, 2004, and is unlikely to pose a threat to the safety of others." The judge rejected that contention and explained that under Megan's Law, N.J.S.A. 2C:7-2(f), registrant had to prove "that [he] ha[d] not committed an offense within [fifteen] years following conviction or release from a correctional facility for any term of imprisonment imposed, whichever is later, and is not likely to pose a threat to the safety of others." And, under CSL, that he could "petition the Superior Court for release from [CSL and be released]" "upon proof by clear and convincing evidence that [he] ha[d] not committed a crime for [fifteen] years since the last conviction, and that [he was] not likely to pose a threat to the safety of others if released."

---

[6] Neither party has included in their appendix a copy of the motion or the supporting documents or those filed in opposition.

Judge Pincus then applied the eligibility requirements to registrant's situation and rejected his contention that the fifteen-year time period began with his August 2004 conviction that was ultimately vacated. Relying on our opinion in J.S., the judge stated that "the [fifteen]-year time frame does not begin until after the registration requirements are imposed." The judge concluded by stating the following:

> In this case, the Registrant was incarcerated for 343 days from June 14, 2004 until August 30, 2007, when he posted bail subsequent to the Appellate Division's reversal of his conviction. Prior to August 30, 2007, the Registrant was not in a position to register for Megan's law and CSL because he was incarcerated. Moreover, when he was released on August 30, 2007, his conviction had already been reversed by the Appellate Division, therefore nullifying his obligation to register for Megan's Law and CSL. It was not until the registrant was convicted, sentenced, and discharged from the [Department of Corrections] in 2010 that his Megan's Law and CSL obligations were properly imposed upon him. As such, August 27, 2010 is the appropriate date from which to calculate the [fifteen]-year offense free period. Therefore, the registrant has not satisfied the provisions of N.J.S.A. 2C:7-2(f) and N.J.S.A. 2C:43-6.4(c).

On February 3, 2020, registrant filed a motion for reconsideration in which, according to Judge Pincus, he asserted numerous arguments that continued to rely upon his contention that the beginning of the fifteen-year

A-4628-19

period was before August 2010.[7]   According to registrant, his August 2010 judgment of conviction acknowledged that he completed his sentence on August 30, 2007; his August 2010 date of release was from an illegal sentence that could not be used as the commencement date for the fifteen-year term; the judge improperly relied upon documents from the court's file which were not admitted into evidence by either party, including his 2010 Megan's Law registration form; the judge's January 2020 order improperly held that the State had the right to hold him past his max date to complete the CSL and Megan's Law forms; and the same order was entered in reliance upon N.J.S.A. 2C:43-6.4 which, as applied to registrant, was an ex post facto law.[8]   Moreover, according to

---

[7]  Again, we were not provided with a copy of the motion, any of its supporting documents or those filed in opposition.

[8]  As we have previously explained:

> The Ex Post Facto Clause of the U.S. Constitution prohibits "any statute which punishes . . . an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available . . . at the time when the act was committed."
>
> [State v. F.W., 443 N.J. Super. 476, 487 (App. Div. 2016) (emphasis omitted) (quoting Perez, 220 N.J. at 438-39).]

registrant, he was actually placed on Megan's Law and CSL in 2004, while he was serving his initial sentence, but he did not provide any documents that substantiated that claim.

On July 16, 2020, after considering oral argument, Judge Pincus denied registrant's motion, setting forth her reasons in an eleven-page written decision that she incorporated into her order. The judge explained that "because no evidence has been presented to the [c]ourt which otherwise demonstrates that [registrant] was subjected to registration requirements [before] beginning in 2010, the [c]ourt continues to find that [r]egistrant has not met the [fifteen]-year offense-free period necessary for the termination of his Megan's Law and CSL obligations." And, because the judge concluded the correct date to begin calculating the fifteen-year offense free period was in 2010, not 2004, she held the registrant's argument that she had not applied the correct version of Megan's Law and CSL was moot. The judge also disagreed with his argument that probation officers subjected him to Megan's Law requirements immediately after his arrest in January 2004, because no evidence was presented to support that contention.

Ultimately, the judge denied the motion for reconsideration because her January 24, 2020 order was not based on "palpably incorrect or irrational basis;"

A-4628-19

she did not "fail[] to appreciate the significance of probative, competent evidence;" and "[r]egistrant ha[d] not presented [her] with new or previously unobtainable evidence which would not have been available to him prior to January 24, 2020 Order." Registrant later filed this appeal from the judge's order denying reconsideration.

At the outset, we initially observe that Judge Pincus correctly applied Rule 4:49-2 to registrant's motion for reconsideration. Under Rule 4:49-2, a court "may reconsider final judgments or orders." Lee v. Brown, 232 N.J. 114, 126 (2018). Although Rule 4:49-2 does not expressly apply to criminal practice, courts have nevertheless applied its standards to motions for reconsideration in criminal actions. State v. Wilson, 442 N.J. Super. 224, 233 n.3 (App. Div. 2015), rev'd on other grounds, 227 N.J. 534 (2017); see State v. Puryear, 441 N.J. Super. 280, 294-95 (App. Div. 2015) (applying Rule 4:49-2 and Rule 1:7-4(b) to a trial court's decision to grant reconsideration of its earlier decision on a motion to suppress).

We review orders denying reconsideration for an abuse of discretion. Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016), aff'd, 231 N.J. 135 (2017); Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (stating reconsideration is "a matter within the sound discretion of the [c]ourt")

11

(quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).  A court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Applying that standard, we conclude that Judge Pincus did not abuse her discretion by denying registrant's motion, substantially for the reasons expressed in her written decisions filed in response to registrant's two motions.  We only add the following comments.

The relevant provision of Megan's Law that existed at the time of registrant's offense in 2004 is as follows:

> Except as provided in subsection g. of this section, a person required to register under this act may make application to the Superior Court of this State to terminate the obligation upon proof that the person has not committed an offense within [fifteen] years following conviction or release from a correctional facility for any term of imprisonment imposed, whichever is later, and is not likely to pose a threat to the safety of others.
>
> [N.J.S.A. 2C:7-2(f) (2003) (emphasis added).]

Since 2003, N.J.S.A. 2C:7-2 has been amended on six occasions, yet subsection (f), regarding eligibility for a registrant to terminate Megan's Law obligations remained unchanged. Compare L. 2003, c. 34, § 1 with L. 2017, c. 141, § 3.

The relevant provision of the CSL statute that existed in 2004 when registrant committed his offenses, contained a similar requirement for termination. It stated:

> A person sentenced to a term of community supervision for life may petition the Superior Court for release from community supervision. The court shall grant a petition for release from a special sentence of community supervision only upon proof that the person has not committed a crime for [fifteen] years since last conviction or release from incarceration, whichever is later, and that the person is not likely to pose a threat to the safety of others if released from supervision.
>
> [N.J.S.A. 2C:43–6.4(c) (2003) (emphasis added).]

The Legislature amended this law on several occasions, but always left the fifteen-year provision unchanged. Compare L. 1994, c. 130, § 2 with L. 2017, c. 333, § 1.

In J.S., we clarified when the fifteen-year period commences. Relying on the unaltered language of the statute, we held "the fifteen-year period for termination of Megan's Law and CSL compliance commences upon imposition of the registration requirements." J.S., 444 N.J. Super. at 313. And, registration

requirements are imposed when the registrant is released from incarceration or when a judgment of conviction is entered, whichever is later. Ibid.

Later, the Supreme Court, in H.D., 241 N.J. at 420-23, discussed Megan's Law's fifteen-year period, described it as "unambiguous," and explained that it "plainly refers to the conviction or release that triggers the registration requirement." Id. at 421. The Court held that "[u]nder the plain language of subsection (f), the fifteen-year period during which an eligible registrant must remain offense-free to qualify for registration relief commences upon his or her conviction or release from confinement for the sex offense that gave rise to his or her registration requirement." Id. at 423 (emphasis added). The Court made clear that "the fifteen-year clock will not start until release, no matter how long or short the period of imprisonment." Id. at 421.

Registrant became subject to Megan's Law and CSL upon his conviction and release from prison in 2010. Contrary to registrant's main contention before Judge Pincus and now before us, he was not resentenced in 2010 on his 2005 conviction, because his original conviction was not left intact. See State v. Biegenwald, 106 N.J. 13, 67 (1987). His 2005 conviction and sentence became void upon our vacating them in 2007, placing registrant in the position that he had been in before the first trial began—without a conviction or sentence. See

14

State v. Williams, 30 N.J. 105, 110-11, 124 (1959).  When he was retried and convicted in 2010, it was the first conviction for an offense that required him to register under Megan's Law and be subject to CSL, now PSL.  Although he was incarcerated for only a few days following his conviction and release, his obligations under Megan's Law and CSL commenced at that time and triggered the period during which he had to remain conviction free for fifteen years in order to be eligible for termination of both laws' requirements.  Here, registrant's application for termination was simply premature, and the judge correctly determined that he was not entitled to relief.  Registrant failed to demonstrate that determination was based on a mistake or other reason that would support a reconsideration of the judge's January 2020 order.  We have no reason to disturb the judge's denial of registrant's reconsideration motion.

As to registrant's remaining arguments about CSL and Megan's Law, we conclude that they were either not raised before Judge Pincus, and therefore not properly before us, see State v. Witt, 223 N.J. 409, 419 (2015) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)) ("For sound jurisprudential reasons, with few exceptions, 'our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation

15

is available.'"), or they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4628-19