RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3276-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

D.C.,

 Defendant-Appellant.
______________________________

 Argued September 7, 2017 – Decided October 5, 2017

 Before Judges Rothstadt and Vernoia.

 On appeal from Superior Court of New Jersey,
 Law Division, Burlington County, Accusation
 No. 15-11-1309.

 Alyssa A. Aiello, Assistant Deputy Public
 Defender, argued the cause for appellant
 (Joseph E. Krakora, Public Defender, attorney;
 Ms. Aiello, of counsel and on the brief).

 Carol M. Henderson, Assistant Attorney
 General, argued the cause for respondent
 (Christopher S. Porrino, Attorney General,
 attorney; Ms. Henderson, of counsel and on the
 brief).

PER CURIAM
 Defendant appeals the court's imposition of the special

sentence of parole supervision for life, N.J.S.A. 2C:43-6.4(a),

upon the State's motion following his conviction for second-degree

endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(5)(a).

Defendant contends imposition of parole supervision for life was

based on improper judicial fact-finding in violation of his rights

under the Sixth and Fourteenth Amendments to the United States

Constitution and was otherwise not supported by the record. We

disagree and affirm.

 I.

 Defendant pleaded guilty to an accusation charging him with

second-degree endangering the welfare of a child, N.J.S.A. 2C:24-

4(b)(5)(a). Under his negotiated plea agreement, the State agreed

to recommend that the court sentence defendant as a third-degree

offender and order defendant's compliance with Megan's Law,

N.J.S.A. 2C:7-1 to -23. The State also represented that it would

file a motion under N.J.S.A. 2C:43-6.4(a) for the imposition of

the special sentence of parole supervision for life.

 During the plea proceeding, defendant testified he knowingly

possessed and sent pictures of a child engaged in a sex act from

his home in Virginia to an individual he later learned was a

detective in Westhampton Township. The court accepted defendant's

plea and scheduled the matter for sentencing.

 2 A-3276-15T4
 The State filed a motion for imposition of parole supervision

for life under N.J.S.A. 2C:43-6.4(a). In pertinent part, the

statute provides that "a court imposing sentence on a person who

has been convicted of endangering the welfare of a child pursuant

to [N.J.S.A. 2C:34-4(b)(5)] . . . shall include, upon motion of

the prosecutor, a special sentence of parole supervision for life

in addition to any other sentence authorized . . . , unless the

court finds on the record that the special sentence is not needed

to protect the community or deter the defendant from future

criminal activity." N.J.S.A. 2C:43-6.4(a).

 The judge sentenced defendant to a three-year custodial term

and compliance with Megan's Law. The judge granted the State's

motion and imposed the special sentence of parole supervision for

life, N.J.S.A. 2C:43-6.4, setting forth his reasons in a written

decision. The judge found defendant made a website posting seeking

"taboo fantasies." Defendant stated he "want[ed] to hear all

about . . . fantasies and desires[,] your stories[,] your taboo[,]"

sought to "exchange stories[,] ideas[,] taboo things you've done

[and] I've done[,]" and "want[ed] to know all of your taboo

stories[.]"

 The judge determined the record further showed that in

response to the posting, a Burlington County Prosecutor's Office

detective posed as an adult male and said he fantasized about his

 3 A-3276-15T4
five-year-old daughter in a sexual manner. Defendant responded,

stating he had been "messing around" with his three daughters

since they were six-years-old and had been having sexual

intercourse with his oldest daughter since she was eleven.

 Defendant sent the detective a photo of a Caucasian female

who was approximately fourteen-years-old. Defendant also sent a

batch of photographs including a photograph of a ten to twelve-

year-old female performing oral sex on an adult male. Defendant

stated that the photographs were of one of his daughters. Over

the course of three days, defendant also sent photographs depicting

child pornography. Further investigation revealed other website

postings and emails in which defendant detailed sexual acts he

said he performed with one of his daughters.

 The judge explained that upon defendant's arrest, he admitted

engaging in incest-related communications with others and

acknowledged he told several people he was having sex with his

fourteen-year-old daughter. He also admitted sending photographs

of his fourteen-year-old daughter to individuals while

communicating on the computer. Defendant denied having sexual

relations with any of his daughters.

 Based on his findings, the judge reasoned that the sexual

nature and detail of defendant's communications with individuals

unknown to him, his "stated desire to engage in sexual acts with

 4 A-3276-15T4
his children, his willingness to exploit his children for his own

sexual gratification, along with his possession and distribution

of children pornography" established that defendant required

supervision to protect the community and deter defendant from

criminal activity. The court therefore granted the State's motion

for imposition of parole supervision for life under N.J.S.A. 2C:43-

6.4(a).

 Defendant appealed his sentence, challenging only the court's

imposition of parole supervision for life. He makes the following

arguments:

 POINT I

 THE PROVISION OF N.J.S.A. 2C:43-6.4 THAT
 REQUIRES THE IMPOSITION OF PAROLE SUPERVISION
 FOR LIFE (PSL) BASED ON JUDICIAL FACT-FINDING
 VIOLATES THE SIXTH AND FOURTEENTH AMENDMENTS
 TO THE UNITED STATES CONSTITUTION, AND
 THEREFORE, THE SENTENCE OF PSL IMPOSED ON
 [DEFENDANT] PURSUANT TO THAT PROVISION MUST
 BE VACATED. (Not Raised Below)[.]

 POINT II

 BASED ON THE RECORD, A SPECIAL SENTENCE OF PSL
 WAS NOT NEEDED TO PROTECT THE COMMUNITY OR
 DETER [DEFENDANT] FROM FUTURE CRIMINAL
 ACTIVITY. THEREFORE, THE TRIAL COURT'S ORDER
 IMPOSING PSL MUST BE VACATED. []

 II.

 Defendant first claims N.J.S.A. 2C:43-6.4(a) is

unconstitutional because it permits a court to increase the penal

 5 A-3276-15T4
consequences of a conviction, by imposing parole supervision for

life,1 based on judicial fact-finding in violation of his rights

under the Sixth Amendment to the United States Constitution as

interpreted by the United States Supreme Court in Apprendi v. New

Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000),

and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L.

Ed. 2d 403 (2004). More particularly, defendant argues the court's

imposition of parole supervision for life under N.J.S.A. 2C:43-

6.4(a) was based on its finding that he needs supervision to

protect the community and deter him from future criminal activity.

He contends the court's fact-finding impermissibly increased the

penal consequences of his conviction and therefore violated his

Sixth Amendment rights.2 We disagree.

 Apprendi requires "[a]ny fact (other than a prior

conviction), which is necessary to support a sentence exceeding

1
 The parties do not dispute that the imposition of parole
supervision for life is a penal consequence of defendant's
conviction. See State v. Perez, 220 N.J. 423, 442 (2015) (noting
the "penal nature" of parole supervision for life).
2
 Defendant raises his constitutional challenge to N.J.S.A. 2C:43-
6.4(a) for the first time on appeal. Generally, we will not
consider an error that was not presented at trial unless it
concerns the trial court's jurisdiction or matters of substantial
public interest. State v. Robinson, 200 N.J. 1, 20 (2009). This
limitation on appellate review "is not limitless." Id. at 19.
Because defendant raises a constitutional issue, we exercise our
discretion to address the merits of his argument.

 6 A-3276-15T4
the maximum authorized by the facts established by a plea of guilty

or a jury verdict must be admitted by the defendant or proved to

a jury beyond a reasonable doubt." United States v. Booker, 543

U.S. 220, 244, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621, 650 (2005).

"In deciding the question of what facts must be subject to a jury

finding, 'the relevant inquiry is one not of form, but of

effect--does the required finding expose the defendant to a greater

punishment than that authorized by the jury's guilty verdict?'"

State v. Natale, 184 N.J. 458, 473 (2005) (quoting Apprendi, supra,

530 U.S. at 494, 120 S. Ct. at 2365, 147 L. Ed. 2d at 457).

 As explained by our Supreme Court, Blakely defined "'the

'statutory maximum' for Apprendi purposes [as] the maximum

sentence a judge may impose solely on the basis of the facts

reflected in the jury verdict or admitted by the defendant." Id.

at 476 (emphasis in original) (quoting Blakely, supra, 542 U.S.

at 302, 124 S. Ct. at 2537, 159 L. Ed. 2d 403). Under Blakely,

"the relevant 'statutory maximum' is not the maximum sentence a

judge may impose after finding additional facts, but the maximum

he may impose without any additional findings." Blakely, supra,

542 U.S. at 303-304, 124 S. Ct. at 2537, 159 L. Ed. 2d 403.

 In Natale, the Court applied the principles in Apprendi and

Blakely and determined that "[a] judge is authorized to impose a

sentence within the range allowed by . . . the defendant's

 7 A-3276-15T4
admissions at a guilty plea after waiving his right to jury trial."

Natale, supra, 184 N.J. at 481. The Court also held that "the

Sixth Amendment prohibits a judge from imposing a sentence greater

than that allowed by the jury verdict or by the defendant's

admissions at a plea hearing. Those are the constitutional

boundaries for the exercise of a judge's discretion at sentencing."

Id. at 482.

 In State v. Pierce, 188 N.J. 155 (2006), the Court addressed

a challenge to the constitutionality of N.J.S.A. 2C:43-3(a), which

permits the imposition of a discretionary extended term sentence.

The Court determined that the standard for the imposition of an

extended term under the standard that had been established in

State v. Dunbar, 108 N.J. 80 (1987), was no longer constitutionally

viable under the principles in Apprendi. Pierce, supra, 188 N.J.

at 168-69. Under Dunbar, the imposition of a sentence within the

extended term range was dependent upon a court finding there was

a need to protect the public. Dunbar, supra, 108 N.J. at 91. The

Pierce Court determined such fact-finding went beyond the mere

finding of a defendant's prior conviction and therefore violated

the Sixth Amendment. Pierce, supra, 188 N.J. at 167-68.

 To remedy the constitutional infirmities inherent in the

Dunbar paradigm, the Court established a different standard for

the imposition of a discretionary extended term sentence. Id. at

 8 A-3276-15T4
168-69. The Court found that where a defendant's prior convictions

permit the imposition of a discretionary extended term sentence

under N.J.S.A. 2C:43-3(a), the convictions alone expose the

defendant to the maximum sentence within the extended term range.

Id. at 168. Therefore, judicial fact-finding related to the

protection of the public does not violate the principles in

Apprendi and Blakely by impermissibly increasing the defendant's

maximum sentencing exposure. Id. at 173-74. Fact-finding about

the protection of the public can be properly considered in imposing

a sentence up to the maximum within the sentencing range. Ibid.

 The Court concluded that because there is no finding of fact

required to expose defendant to the maximum sentence within the

extended term sentencing range, the discretionary extended term

statute was constitutional under Apprendi and Blakely. Id. at 169.

The Court further found that the sentencing court could consider

the need to protect the public but because that finding no longer

determined "whether [the] defendant is subject to a sentence up

to the top of the extended-term range," and only would be

considered to determine a sentence within the permissible

sentencing range, application of N.J.S.A. 2C:43-3(a) did not

violate the defendant's Sixth Amendment rights. Id. at 170

(emphasis in original).

 9 A-3276-15T4
 Here, the singular fact supporting defendant's exposure to

the special sentence of parole supervision for life is his

conviction for second-degree endangering the welfare of a child,

N.J.S.A. 2C:24-4(b)(5)(a). N.J.S.A. 2C:43-6.4(a) expressly

authorizes the imposition of parole supervision for life upon a

defendant's conviction of second-degree endangerment under

N.J.S.A. 2C:24-4(b)(5)(a). Defendant was exposed to imposition

of parole supervision for life based solely on his conviction. No

additional judicial fact-finding was required.

 N.J.S.A. 2C:43-6.4(a) permits the court to withhold

imposition of parole supervision for life where it finds the

"sentence is not needed to protect the community or deter the

defendant from future criminal activity." The judge's fact-

finding concerning the need to protect the community and deter

defendant from future criminal activity, however, did not

determine defendant's exposure to parole supervision for life.

Rather, the court's fact-finding constituted a permissible

exercise of discretion in determining if defendant should not

receive parole supervision for life – a sentence for which he was

exposed solely due to his conviction. As the Court found in

Pierce, a court may engage in fact-finding to determine a sentence

 10 A-3276-15T4
less than the maximum allowable based on a defendant's conviction.3

Pierce, supra, 188 N.J. at 169-70. That is precisely what the

judge did here.

 III.

 Defendant also challenges the court's finding that parole

supervision was required to protect the community and deter

defendant from engaging in future criminal activity. He asserts

that the record shows that he never sexually abused any of his

daughters and that the court's finding he had a "willingness to

exploit his children for his own sexual gratification" is

unsupported by the record. Defendant also claims that parole

supervision for life is unnecessary because he will otherwise be

monitored based on his compliance with the requirements of his

Megan's Law sentence.

 We review a "trial court's 'sentencing determination under a

deferential [abuse of discretion] standard of review.'" State v.

Grate, 220 N.J. 317, 337 (2014) (quoting State v. Lawless, 214

N.J. 594, 606 (2013)); see also Pierce, supra, 188 N.J. at 169-70

(2006) ("On appellate review, the court will apply an abuse of

3
 In Pierce, the Court determined the defendant's exposure to the
maximum sentence within the extended term sentencing range did not
involve impermissible judicial fact-finding because it was based
solely on the defendant's conviction for which he was being
sentenced and his prior convictions. Pierce, supra, 188 N.J. at
169.

 11 A-3276-15T4
discretion standard to the sentencing court's explanation for its

sentencing decision within the entire range."). We affirm a

sentence if: (1) the trial court followed the sentencing

guidelines; (2) its findings of fact and application of aggravating

and mitigating factors were based on competent, credible evidence

in the record; and (3) the application of the law to the facts

does not "shock[] the judicial conscience." State v. Bolvito, 217

N.J. 221, 228 (2014) (quoting State v. Roth, 95 N.J. 334, 364-65

(1984)). When reviewing a trial court's sentencing decision, we

will not "substitute [our] judgment for that of the sentencing

court." State v. Fuentes, 217 N.J. 57, 70 (2014).

 Having reviewed the record, we discern no basis to reverse

the court's imposition of parole supervision for life. Contrary

to defendant's claim, the court did not find he sexually abused

his children or rely upon such a finding to support its sentencing

decision. The record shows, however, defendant discussed his

children in sexually graphic ways with strangers on the internet,

and expressed interest in having sexual relations with his

daughters as part of a course of conduct that included his

transmission of child pornography. When considered in that

context, the court's determination that defendant willingly

exploited his children for his own sexual gratification is

supported by the record.

 12 A-3276-15T4
 Defendant's conduct, as found by the judge and supported by

the record, demonstrated an active interest in having sexual

relations with children. In his explicit and repeated

communications with strangers, he expressed that interest and also

distributed child pornography. The court was aware it imposed a

Megan's Law sentence, but further determined parole supervision

for life was required for the protection of the community and to

deter defendant from future criminal activity. The court's

determination is supported by the record and does not shock our

judicial conscience.

 Affirmed.

 13 A-3276-15T4