**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2261-15T2
A-2851-15T2
A-2852-15T2

JOSEPH LIPP,

    Plaintiff-Appellant,

v.

ALFRED KANDELL, GARY M.
LANIGAN, and THE NEW JERSEY
STATE PAROLE BOARD,

    Defendants-Respondents.

_____

ANDREW SCHAEFER,

    Appellant,

v.

NEW JERSEY STATE PAROLE BOARD,

    Respondent.

_____

ANDREW SCHAEFER,

    Plaintiff-Appellant,

v.

ROBERT CHETIRKIN, GARY M. LANIGAN,
and THE NEW JERSEY STATE PAROLE
BOARD,

Defendants-Respondents.

_____

Submitted October 11, 2017 — Decided October 23, 2017

Before Judges Fisher and Fasciale.

On appeal from Superior Court of New Jersey, Law Division, Hunterdon County, Docket No. L-0519-15, (A-2261-15), the New Jersey State Parole Board, (A-2851-15) and Superior Court of New Jersey, Law Division, Essex County, Docket No. L-8411-15, (A-2852-15).

Murphy & Woyce, attorneys for appellants (Michael C. Woyce and Joseph S. Murphy, on the briefs).

Christopher S. Porrino, Attorney General, attorney for respondents (Lisa A. Puglisi, Assistant Attorney General, of counsel; Christopher S. Josephson, Deputy Attorney General, on the briefs).

PER CURIAM

The legal issue raised in these three appeals, which we have consolidated for purposes of writing this opinion, is whether the New Jersey State Parole Board (NJSPB) may adjudicate, in a parole-revocation hearing, alleged parole violations by Andrew Schaefer and Joseph Lipp (collectively defendants). In rejecting defendants' contentions that such an adjudication deprives them of bail and a jury trial, we emphasize that "[r]evocation [of parole] deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole

2                                                      A-2261-15T2

restrictions." Morrissey v. Brewer, 408 U.S. 471, 480, 92 S. Ct. 2593, 2600, 33 L. Ed. 2d 484, 494 (1972).  The NJSPB adjudicated the parole violations and afforded defendants the process that parolees enjoy.  We therefore decline to invalidate the NJSPB's ability to adjudicate parole violations, which it has been using predominantly since at least 2003.

I.

In 2012, Schaefer pled guilty to third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a).  The court sentenced Schaefer to parole supervision for life (PSL).  In 2013, the NJSPB revoked his parole for failing to complete community service, for using an electronic device to social network, and for possessing an internet capable device.  In 2014, the NJSPB re-released Schaefer to PSL.  Schaefer then violated his PSL again by possessing internet devices, which the police discovered by searching his residence in 2015.

Schaefer filed two appeals.  He appealed from a March 2, 2016 final agency decision by the NJSPB revoking his parole and returning him to prison for fourteen months for possessing internet devices in 2015; and from a February 26, 2016 order dismissing his verified complaint and denying his order to show cause challenging the NJSPB's authority to adjudicate his 2015 parole violation.

On Schaefer's appeal from the NJSPB's final agency decision revoking his parole and returning him to prison, he raises the following arguments:

> POINT I
> THE BOARD ERRED IN NOT FINDING THAT THE LEGISLATURE'S GRANT OF AUTHORITY TO THE DIVISION OF PAROLE TO SENTENCE INDIVIDUALS TO ADDITIONAL TERMS OF IMPRISONMENT UNDER N.J.S.A. 2C:43-6.4(d) IS AN UNCONSTITUTIONAL DELEGATION OF AUTHORITY, VIOLATING, INTER ALIA, THE SEPARATION OF POWERS CLAUSE, N.J. Const., [a]rt. III, [¶] 1 (1947).
>
> POINT II
> THE BOARD ERRED IN NOT FINDING THAT PAROLE SUPERVISION FOR LIFE IS UNCONSTITUTIONAL BECAUSE IT IS A VIOLATION OF DEFENDANT'S RIGHT TO A JURY TRIAL; HIS RIGHT TO A PUBLIC HEARING; HIS RIGHT TO THE PRESUMPTION OF INNOCENCE AND AN IMPARTIAL ARBITER.
>
> POINT III
> THE DECISION OF THE FULL BOARD OF PAROLE TO REVOKE SCHAEFER'S PSL TERM AND SENTENCE HIM TO A FOURTEEN MONTH PRISON SENTENCE WAS ARBITRARY, CAPRICIOUS, AND UNREASONABLE AS THE BOARD FAILED TO MAKE THE NECESSARY FINDINGS ENUNCIATED IN HOBSON [v.] NEW JERSEY STATE PAROLE BOARD, 435 N.J. Super. 377 (App. Div. 2014) AND THE DECISION MUST BE REVERSED.
>
> POINT IV
> THE COURT ERRED IN NOT FINDING THAT SCHAEFER IS ENTITLED TO GREATER PROTECTIONS THAN THOSE GRANTED IN MORRISSEY [v.] BREWER, AS HE HAS A GREATER LIBERTY INTEREST THAN AN ORDINARY PAROLEE AS HE HAS COMPLETED HIS JAIL TERM AND CAN ONLY BE JAILED UPON A FINDING OF NEW FACTS MAKING UP A NEW OFFENSE.

On Schaefer's appeal from the order dismissing his verified complaint, which sought an order from the judge declaring that the NJSPB's revocation-hearing process deprived him of a jury trial and bail, he raises the following arguments:

POINT I
THE TRIAL COURT ERRED IN NOT FINDING THAT THE LEGISLATURE'S GRANT OF AUTHORITY TO THE DIVISION OF PAROLE TO SENTENCE INDIVIDUALS TO ADDITIONAL TERMS OF IMPRISONMENT UNDER N.J.S.A. 2C:43-6.4(d) IS AN UNCONSTITUTIONAL DELEGATION OF AUTHORITY, VIOLATING, INTER ALIA, THE SEPARATION OF POWERS CLAUSE, N.J. Const., [a]rt. III, [¶] 1 (1947).

POINT II
THE [NJSPB] ERRED IN NOT FINDING THAT PAROLE SUPERVISION FOR LIFE IS UNCONSTITUTIONAL BECAUSE IT IS A VIOLATION OF DEFENDANT'S RIGHT TO A JURY TRIAL; HIS RIGHT TO A PUBLIC HEARING; HIS RIGHT TO THE PRESUMPTION OF INNOCENCE AND AN IMPARTIAL ARBITER.

POINT III
THE COURT ERRED IN NOT FINDING THAT SCHAEFER IS ENTITLED TO GREATER PROTECTIONS THAN THOSE GRANTED IN MORRISSEY v. BREWER, AS HE HAS A GREATER LIBERTY INTEREST THAN AN ORDINARY PAROLEE AS HE HAS COMPLETED HIS JAIL TERM AND CAN ONLY BE JAILED UPON A FINDING OF NEW FACTS MAKING UP A NEW OFFENSE.

We affirm as to Schaefer's two appeals.

II.

In 2013, Lipp pled guilty to third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). The court sentenced Lipp to PSL. Lipp violated his PSL by residing at an unapproved

residence, leaving New Jersey without permission, using alcohol, and frequenting establishments whose primary purpose is to sell alcohol. In August 2015, the NJSPB revoked his parole and returned Lipp to prison for twelve months. Lipp then filed a declaratory judgment complaint challenging the NJSPB's ability to revoke his parole after conducting a revocation hearing.

On January 11, 2016, a judge entered an order dismissing Lipp's declaratory judgment complaint pursuant to Rule 4:6-2(e). The judge concluded that Lipp's recourse was solely to appeal to us from the NJSPB's decision to revoke Lipp's parole and return him to prison. Lipp appealed from the January 11, 2016 order, and raised the following arguments:

> POINT I
> THE TRIAL COURT ERRED IN FINDING IT LACKED JURISDICTION TO REVIEW THE CONSTITUTIONALITY OF N.J.S.A. 2C:43-6.4(d) AS APPLIED TO LIPP.
>
> POINT II
> THE TRIAL COURT ERRED IN NOT FINDING THAT THE LEGISLATURE'S GRANT OF AUTHORITY TO THE DIVISION OF PAROLE TO SENTENCE INDIVIDUALS TO ADDITIONAL TERMS OF IMPRISONMENT UNDER N.J.S.A. 2C:43-6.4(d) IS AN UNCONSTITUTIONAL DELEGATION OF AUTHORITY, VIOLATING, INTER ALIA, THE SEPARATION OF POWERS CLAUSE, N.J. Const., [a]rt. III, [¶] 1 (1947).
>
> POINT III
> THE TRIAL COURT ERRED IN NOT FINDING THAT PAROLE SUPERVISION FOR LIFE IS UNCONSTITUTIONAL BECAUSE IT IS A VIOLATION OF DEFENDANT'S RIGHT TO A JURY TRIAL; HIS RIGHT TO A PUBLIC HEARING; HIS RIGHT TO THE

PRESUMPTION OF INNOCENCE AND AN IMPARTIAL ARBITER.

POINT IV
LIPP[] IS ENTITLED TO GREATER PROTECTIONS THAN THOSE GRANTED IN MORRISSEY v. BREWER, AS HE HAS A GREATER LIBERTY INTEREST THAN AN ORDINARY PAROLEE AS HE HAS COMPLETED HIS JAIL TERM AND CAN ONLY BE JAILED UPON A FINDING OF NEW FACTS MAKING UP A NEW OFFENSE.

We conclude that Lipp properly filed his verified complaint challenging the NJSPB revocation procedure, but we uphold the dismissal of Lipp's complaint primarily because we have determined that Lipp received the process due to parolees facing parole violations.

## III.

We begin by addressing defendants' primary contentions that the NJSPB erroneously adjudicated their PSL violations in an administrative revocation hearing. Their main point is that a PSL violation constitutes a third-degree offense, and therefore the State should have charged them with committing the new offenses of violating their PSL, and then indict them for those crimes. Defendants maintain that if the State had followed that procedure, instead of using an administrative revocation hearing, then they would have received their right to bail, a jury trial, and other due process protections afforded to defendants in criminal proceedings.

The question presented is one of law and therefore our review is de novo. Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

The crux of defendants' challenge requires us to review administrative procedures promulgated pursuant to the statutory scheme of PSL. Courts must impose PSL as part of a sentence for individuals convicted of certain sex offenses. N.J.S.A. 2C:43-6.4(a);[1] State v. Perez, 220 N.J. 423, 436-38 (2015). PSL commences upon release from incarceration and "[p]ersons serving a special sentence of [PSL] shall remain in the legal custody of the Commissioner of Corrections, shall be supervised by the Division of Parole of the State Parole Board," and subject to other stated statutory conditions as "appropriate to protect the public and foster rehabilitation." N.J.S.A. 2C:43-6.4(b). See J.B. v. N.J. State Parole Bd., 433 N.J. Super. 327, 336-37 (App. Div. 2013), certif. denied, 217 N.J. 296 (2014). A court "may not suspend imposition of the special sentence of [PSL.]" N.J.S.A. 2C:43-6.4(b). PSL is "deemed to be a term of life imprisonment." N.J.S.A. 2C:43-6.4(b).

---

[1] In 2003, the Legislature amended N.J.S.A. 2C:43-6.4, removed references in the statute to community supervision for life (CSL), and substituted PSL for CSL. L. 2003, c. 267, § 1.

Pertinent to the NJSPB's authority to conduct revocation hearings, N.J.S.A. 2C:43-6.4(b) states:

> If the defendant violates a condition of a special sentence of [PSL], the defendant shall be subject to the provisions [in N.J.S.A. 30:4-123.60 to -123.63 and N.J.S.A. 30:4-123.65], and for the purpose of calculating the limitation on time served [set forth in N.J.S.A. 30:4-123.65.]. . . Nothing contained in this subsection shall prevent . . . the [NJSPB] from proceeding under the provisions of [N.J.S.A. 30:4-123.60 to -123.63 and N.J.S.A. 30:4-123.65] against any such defendant for a violation of any conditions of the special sentence of [PSL], including the conditions imposed by the court pursuant to N.J.S.[A.] 2C:45-1. In any such proceeding by the [NJSPB], the provisions of [N.J.S.A. 30:4-123.51b] authorizing revocation and return to prison shall be applicable to such a defendant, notwithstanding that the defendant may not have been sentenced to or served any portion of a custodial term for conviction of an offense enumerated in subsection a. of this section.

Subsection (b) therefore authorizes the NJSPB, in its capacity of supervising an individual's compliance with the conditions of a special sentence of PSL, to revoke PSL and return a violator to prison.

Defendants maintain that a PSL violation constitutes a new crime, and therefore parole revocation hearings deprive them of due process enjoyed by individuals so charged. To be sure, N.J.S.A. 2C:43-6.4(d) states:

> A person who violates a condition of a special
> sentence of [PSL] . . . without good cause is
> guilty of a crime of the third[-]degree.
> Notwithstanding any other law to the contrary,
> a person sentenced pursuant to this subsection
> shall be sentenced to a term of imprisonment,
> unless the court is clearly convinced that the
> interests of justice so far outweigh the need
> to deter this conduct and the interest in
> public safety that a sentence to imprisonment
> would be a manifest injustice.

Therefore, if someone violates PSL without good cause, the State can charge that person with a third-degree crime, and a presumption of imprisonment attaches to that offense. Here, the State did not charge defendants with committing a new crime pursuant to subsection (d), which specifically addresses whether the NJSPB can adjudicate, not a new crime, but rather, a PSL violation.

> Nothing in this subsection shall preclude
> subjecting a person who violates any condition
> of a special sentence of [PSL] to the
> provisions of [N.J.S.A. 30:4-123.60 to -123.63
> and N.J.S.A. 30:4-123.65] pursuant to the
> provisions of [N.J.S.A. 30:4-123.51b].
>
> [N.J.S.A. 2C:43-6.4(d).]

N.J.S.A. 30:4-123.51b(c) addresses the duration of re-imprisonment, and states in part that

> [i]f the parolee violates a condition of a
> special sentence of [PSL], the parolee shall
> be subject to the provisions of [N.J.S.A.
> 30:4-123.60 to -123.63 and N.J.S.A. 30:4-
> 123.65], and may be returned to prison. If
> revocation and return to custody are desirable
> pursuant to the provisions of [N.J.S.A. 30:4-
> 123.63], the appropriate board panel shall

> revoke parole and return the parolee to prison for a specified length of time between [twelve] and [eighteen] months[.]

That is exactly what happened here.

We have no difficulty rejecting defendants' assertions that they are entitled to a jury trial to consider alleged parole violations, even when they might result in custodial confinement. "[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." Morrissey, supra, 408 U.S. at 480, 92 S. Ct. at 2600, 33 L. Ed. 2d at 494. The United States Supreme Court stated, "there is no thought to equate [a parole revocation hearing] to a criminal prosecution in any sense." Id. at 489, 92 S. Ct. at 2604, 33 L. Ed. 2d at 499.

Nevertheless, parolees, like defendants, enjoy due process protections. They are entitled to "the conditional liberty properly dependent on observance of special parole restrictions." Id. at 480, 92 S. Ct. at 2600, 33 L. Ed. 2d at 494. The United States Supreme Court identified the following process due during parole revocation proceedings:

> (a) [W]ritten notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds

11

> good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.
>
> [Id. at 489, 92 S. Ct. at 2604, 33 L. Ed. 2d at 499.]

Accordingly, due process challenges to the parole revocation process have been put to rest. See Hobson v. N.J. State Parole Bd., 435 N.J. Super. 377, 382 (App. Div. 2014) (stating and thoroughly detailing how the Legislature has "codified procedures for revocation that require the Board to afford persons facing revocation of release status significant procedural protections"). Indeed, "the State has a strong interest in assuring that parolees adhere to the conditions of their parole." J.B., supra, 433 N.J. Super. at 337.

Under a previous version of N.J.S.A. 2C:43-6.4, prior to the 2003 amendments, an offender on CSL was "supervised as if on parole." L. 1994, c. 130, § 2. Any violation of one or more conditions of CSL was a fourth-degree offense. Ibid. Prior to 2003, "a violation of CSL [was] punishable only as a crime; the [NJSPB could not] return a defendant to prison through the parole-revocation process." Perez, supra, 220 N.J. at 441. However, the 2003 statutory amendments clarified that PSL is penal and a

12

lifetime sentence of parole. Since the Legislature replaced CSL with PSL in 2003, the State has not been required to charge all individuals who violate the conditions of their PSL. The plain text of N.J.S.A. 2C:43-6.4(d) does not "preclude subjecting a person who violates any condition of a special sentence of [PSL]" to the regular parole revocation process.

Even though several opportunities have existed, the Legislature and the New Jersey Supreme Court have not eliminated the ability of the NJSPB to adjudicate PSL violations. In 2014, the Legislature amended N.J.S.A. 2C:43-6.4(d) by raising a PSL violation from a fourth-degree to a third-degree. L. 2013, c. 214, § 4 (eff. July 1, 2014). At that time, the Legislature did not alter the administrative procedures promulgated pursuant to the statutory scheme of PSL. And in 2015, our Court specifically acknowledged that

> [a] violation of PSL may be prosecuted as a[n]
> . . . offense, N.J.S.A. 2C:43-6.4(d), but it
> may also be treated as a parole violation,
> N.J.S.A. 2C:43-6.4(b). The State conceded at
> oral argument that the almost-universal
> practice since the enactment of the 2003
> amendment is to revoke a defendant's parole
> and return him to prison.
>
> [Perez, supra, 220 N.J. at 441.]

Here, the State did not charge defendants with a new crime under N.J.S.A. 2C:43-6.4(d); they were noticed of a parole

violation. Had defendants been charged with a criminal offense under N.J.S.A. 2C:43-6.4(d), it would require judicial adjudication. However, parole revocation for violating parole conditions, the consequence of which may result in return to custody pursuant to N.J.S.A. 30:4-123.51b(c), is an authorized and constitutional administrative function of the NJSPB. The due process protections delineated in Morrissey are provided in the regulations governing the parole revocation process, which applies to those sentenced to PSL. See N.J. State Parole Bd. v. Byrne, 93 N.J. 192, 208-12 (1983) (defining due process protections required in parole revocation hearings under the State Constitution).

We reject defendants' contentions that return to prison for violation of the conditions of PSL equates to an imposition of additional jail time without a jury finding, in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). PSL is a life parole sentence. It does not end when an offender concludes the maximum jail or probationary sentence also imposed for the criminal conviction. Moreover, the PSL portion of the sentence begins upon release from incarceration. N.J.S.A. 2C:43-6.4(b).

Apprendi requires "[a]ny fact (other than a prior conviction)[,] which is necessary to support a sentence exceeding

the maximum authorized by the facts established by a plea of guilty or a jury verdict[, to] be admitted by the defendant or proved to a jury beyond a reasonable doubt." United States v. Booker, 543 U.S. 220, 244, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621, 650 (2005). PSL is part of a defendant's original sentence. PSL mandates lifetime parole supervision, which by its nature restrains a defendant's liberty and includes the possibility of re-incarceration if a parolee violates PSL. No additional facts can lengthen the sentence. The facts leading to defendants' PSL requirements were established when the PSL sentence was initially imposed, making Apprendi inapposite.

We conclude that the parole revocation provisions in N.J.S.A. 2C:43-6.4(b), when read in conjunction with the Parole Act, N.J.S.A. 30:4-123.59(b), along with the PSL statute and its regulations, N.J.A.C. 10A:71-6.12, do not violate required constitutional due process protections delineated in Morrissey. Therefore, any attempt to characterize parole revocation proceedings as a new crime, mandating bail and a jury trial, must fail as a matter of law.

IV.

We now address Schaefer's argument that there are insufficient facts to support the findings of the NJSPB, and that

the agency's final decision is therefore arbitrary, capricious, and unreasonable.

Our review of administrative decisions by the NJSPB is limited and "grounded in strong public policy concerns and practical realities." Trantino v. N.J. State Parole Bd., 166 N.J. 113, 200 (2001). "The decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables . . . .'" Id. at 201 (alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 10, 99 S. Ct. 2100, 2105, 60 L. Ed. 2d 668, 677 (1979)). "To a greater degree than is the case with other administrative agencies, the [NJSPB's] decision-making function involves individualized discretionary appraisals." Ibid. Consequently, we may reverse the NJSPB's decision only if it is "arbitrary and capricious." Ibid.

We do not disturb the NJSPB's factual findings if they "'could reasonably have been reached on sufficient credible evidence in the whole record.'" Id. at 172 (quoting Trantino v. N.J. State Parole Bd. (Trantino IV), 154 N.J. 19, 24 (1998)); see also In re Taylor, 158 N.J. 644, 657 (1999) (indicating that a court must uphold an agency's findings, even if "it would have reached a different result[,]" so long as "sufficient credible evidence in the record" exists to support the agency's conclusions). The burden is on the challenging party to show that the NJSPB's actions

were "arbitrary, unreasonable or capricious . . . ." <u>Bowden v. Bayside State Prison</u>, 268 <u>N.J. Super.</u> 301, 304 (App. Div. 1993), <u>certif. denied</u>, 135 <u>N.J.</u> 469 (1994).

Applying this standard, we see no basis to disturb the NJSPB's decision. The NJSPB's determination is supported by ample evidence, including, but not limited to, officers discovering internet accessible devices in Schaefer's residence; Schaefer admitting that one of the devices belonged to him; Schaefer providing the PIN code for that device; and the NJSPB affording him a parole revocation hearing before a neutral and detached hearing officer.

We have considered defendants' remaining contentions and conclude that they are without sufficient merit to warrant discussion in this opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17

A-2261-15T2