**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4374-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

QUARWEE WALKER,

    Defendant-Appellant.

_____

Submitted October 11, 2017 — Decided November 3, 2017

Before Judges Carroll and Leone.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 09-03-0975.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Robert D. Laurino, Acting Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Quarwee Walker appeals from a March 30, 2016 order denying his petition for post-conviction relief (PCR) without an

evidentiary hearing. Following our review of the record and applicable law, we affirm the denial of PCR but remand for resentencing.

A grand jury indicted defendant, Bryan Witherspoon, Neil Herbert, and others with a series of third-degree drug offenses spanning various dates from December 10, 2008 to January 7, 2009. Regarding December 10, 2008, defendant was charged with possession of cocaine, N.J.S.A. 2C:35-10a(1), distribution of cocaine, N.J.S.A. 2C:35-5a(1) and -5b(3), and distribution of cocaine within 1,000 feet of a school, N.J.S.A. 2C:35-7 (counts one to three). Regarding December 11, defendant and Witherspoon were charged with the same three substantive offenses (counts five to seven), and with conspiracy to possess cocaine with intent to distribute, N.J.S.A. 2C:5-2 (count four). Regarding December 16, defendant and Herbert were charged with the same three substantive offenses (original counts nine to eleven), and with conspiracy (original count eight). Regarding January 1, 2009, defendant was charged with the same substantive offenses (original counts fifteen to seventeen). With respect to January 7, 2009, defendant was charged with possession of cocaine, possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5a(1) and -5b(3), and distributing cocaine within 1,000 feet of a school (counts eighteen

to twenty), and identical charges with respect to heroin (counts twenty-one to twenty-three).

Defendant was tried twice. The jury in the first trial acquitted him of counts eighteen to twenty-three relating to January 7, 2009. The jury deadlocked on the remaining charges and a mistrial was declared as to those counts.

Before the second trial, the judge dismissed the original count eight conspiracy charge, expanded count four to charge conspiracy from December 10 through January 1, and renumbered the original counts nine to seventeen as counts eight through sixteen. The jury thereafter convicted defendant of conspiring to distribute cocaine from December 10 through January 1 (count four), as well as all charged offenses relating to December 10 (counts one to three), December 16 (renumbered counts eight to ten), and January 1 (renumbered counts fourteen to sixteen). The jury acquitted defendant of the substantive offenses regarding December 11 (counts five to seven).

The facts underlying the jury's verdict in the second trial are set forth in our opinion in defendant's direct appeal. We repeat them here to lend context to the issues defendant raises in the present appeal:

> The State's witnesses were East Orange Detectives Lance Merrill, Rahsaan Johnson, and Ramon Rodriguez. They presented evidence that

A-4374-15T1

[defendant] and Witherspoon conspired to and did sell crack cocaine from December 10, 2008, through January 1, 2009, including sales on December 10, 11, 16, and 30, and on January 1. Each sale was made to Merrill, acting undercover, with either Johnson or Rodriguez observing from twenty-five to fifty feet away. The sales occurred between 8:00 and 8:40 p.m., near or on the enclosed front porch of a house in an area lit by a streetlamp and by the lights of the adjacent high school football field and parking lot. Both Johnson and Rodriguez knew [defendant] and Witherspoon prior to the events in question.

On December 10, Johnson observed [defendant] drive up in a GMC Yukon registered to [defendant]. [Defendant] and Witherspoon greeted each other and walked toward the house. Merrill approached [defendant] and Witherspoon, asked for crack, and gave [defendant] $50. [Defendant] went inside the Yukon, emerged, and handed five bags of crack to Merrill. [Defendant] and Witherspoon then went into the house together. At trial, Merrill and Johnson identified [defendant] as the man who sold the crack.

On December 11, Rodriguez observed Merrill approach [defendant] and ask for crack. [Defendant] told Merrill to see "B" in the house. Merrill entered the porch and met Bryan Witherspoon. Merrill gave $50 to Witherspoon in return for five bags of crack. At trial, Merrill and Rodriguez identified Witherspoon as the man who sold the crack, and [defendant] as the man who directed Merrill to the house.

On December 16, Rodriguez observed [defendant] sitting in his Yukon. Merrill approached [defendant] and asked for crack. [Defendant] gestured towards the house and told Merrill to see "Buzz" — co-defendant Neil Herbert, who is Witherspoon's brother. Inside the porch,

4

Merrill gave $100 to Herbert in exchange for ten bags of crack. Merrill and Rodriguez identified [defendant] at trial.

. . . .

On January 1, Johnson observed as Merrill went to the house. [Defendant] pulled up in his Yukon and got out. Merrill asked [defendant] for crack. [Defendant] got something out of his Yukon and motioned for Merrill to come with him into the porch. There, [defendant] gave Merrill five bags of crack for $50. At trial, both Merrill and Johnson identified [defendant]. [Defendant] was later arrested with $1,110 in cash.

At trial, [defendant] called his sister Hassana McPherson, his brother-in-law Marc McPherson, and his fiancée Takiya Knowles, who was also the mother of his five children. They testified that he was at his son's birthday party at or around the time of the December 11 drug sale. [Defendant] also called Calvin Range and Josephine Witherspoon, residents of the house, who testified that they were friends with [defendant] and Witherspoon, that [defendant] and Witherspoon came to play cards at the house frequently, and that Range frequently borrowed [defendant's] Yukon.

[State v. Walker, No. A-2528-11 (App. Div. Dec. 11, 2013) (slip op. at 2-5), certif. denied, 218 N.J. 275 (2014).]

In October 2011, defendant was sentenced to an aggregate ten-year prison term with five years of parole ineligibility. Appropriate fines and penalties were also imposed.

On direct appeal, defendant challenged his convictions on the basis that the trial court's jury instructions on identification,

alibi, and how to consider multiple charges, were erroneous. Id.
(slip op. at 7-18). In rejecting defendant's claims of plain
error,[1] we stated:

> The State presented a strong case to support
> [defendant's] convictions. Even if Rodriguez
> and Merrill were mistaken in their
> identifications of [defendant] on December 11,
> that does not necessarily mean they were
> mistaken on other days. Such an error gives
> no reason to doubt Johnson's identifications
> of [defendant] on December 10 and January 1,
> or to ignore the corroboration provided by
> [defendant's] use of his Yukon on December 16
> and January 1.
>
> [Id. (slip op. at 17-18).]

Defendant also challenged his sentence because of the
confusion that was caused when the original count eight was
dismissed, and the original counts nine through seventeen were
renumbered counts eight through sixteen for purposes of the second
trial. Id. (slip op. 23-24). We agreed that this confusion
resulted in the court's failure to impose a sentence on the
original count seventeen. Id. (slip op. at 24). Accordingly, we
vacated the sentences imposed on the original counts nine through
seventeen and remanded for resentencing on those counts. Ibid.

---

[1] Under the plain error standard, we disregard any error or
omission by the trial court "unless it is of such a nature as to
have been clearly capable of producing an unjust result." R.
2:10-2.

As noted, the Supreme Court thereafter denied certification. <u>State v. Walker</u>, 218 <u>N.J.</u> 275 (2014).

Defendant filed a timely PCR petition, supported by a supplemental certification claiming ineffective assistance of trial counsel. Among other things, defendant contended trial counsel was ineffective in failing to challenge the surveillance location of the back-up police officers and request their location be revealed because they "may have been too far away to accurately identify the drug seller." Defendant also alleged that trial counsel "led [him] to believe" the testimony of the alibi witnesses regarding the December 11, 2008 charges would lead to his acquittal on the remaining charges.

Judge Peter V. Ryan, who had also presided over the second trial, issued a sixteen-page written opinion denying defendant's petition without an evidentiary hearing. With respect to the officers' surveillance locations, the judge noted "there were countless questions and thorough examinations by trial counsel on this issue" and "the locations were mentioned in detail[.]" The judge also found "the trial strategy used by defense counsel was misidentification[,]" and trial counsel called the "alibi witnesses to testify that [d]efendant was not involved in the alleged narcotics distribution on December 11, 2008," as a means of attacking the police officers' credibility and identifications

regarding the remaining dates.  Citing State v. Bey, 161 N.J. 233, 251 (1999), cert. denied, 530 U.S. 1245, 120 S. Ct. 2693, 147 L. Ed. 2d 964 (2000), the judge concluded "[t]he simple fact that a trial strategy fails does not necessarily mean that counsel was ineffective."

On appeal, defendant argues:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS.
>
>> A. TRIAL COUNSEL FAILED TO CHALLENGE THE SURVEILLANCE LOCATIONS OF THE BACK-UP POLICE OFFICERS AND FAILED TO REQUEST THAT THEIR LOCATIONS BE REVEALED.
>>
>> B. TRIAL COUNSEL FAILED TO ADEQUATELY ADVISE DEFENDANT REGARDING ADDITIONAL ALIBI WITNESSES AND/OR FAILED TO PURSUE THEM.

Having considered defendant's arguments in light of the record and applicable legal standards, we conclude they lack sufficient merit to warrant extensive discussion.  R. 2:11-3(e)(2).  We affirm substantially for the reasons expressed in Judge Ryan's March 30, 2016 written opinion, to which we add the following comments.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated

in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the following two-prong test: (1) counsel's performance was deficient and he or she made errors so egregious counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698.

Defendant renews his claim that trial counsel should have requested the surveilling detectives' locations be revealed so as to challenge their observations. However, Merrill directly engaged in the undercover drug purchases and he was able to identify defendant from those transactions. The two surveilling officers also knew defendant, and there was extensive questioning about their locations, one of which was openly discussed. Thus, even if we were to somehow conclude that trial counsel's performance was deficient, there is no reasonable probability that

the result would have been different had the backup officers' exact surveillance locations been disclosed.

Defendant is also unable to satisfy <u>Strickland</u>'s second, prejudice prong with respect to his claim that counsel was ineffective for leading him to believe the testimony of his alibi witnesses would lead to his acquittal on all charges. In his certification, plaintiff asserts that, if properly advised, he would have pled guilty to ease the financial strain on his family. However, he further avers he would have "pled guilty even though I did not commit these crimes." Given this sworn proclamation of innocence, there is nothing in the record that leads us to conclude defendant could provide the requisite factual basis for a guilty plea.[2] Consequently, a trial would have been necessary in any event. We also note, as we did on defendant's direct appeal, that the State presented a strong case to support defendant's convictions, and even if Rodriguez and Merrill were mistaken in

---

[2] Trial courts may not accept a guilty plea unless there is a factual basis supporting it. <u>R.</u> 3:9-2. "Indeed, 'it is essential to elicit from the defendant a comprehensive factual basis, addressing each element of a given offense in substantial detail.'" <u>State v. Perez</u>, 220 <u>N.J.</u> 423, 432 (2015) (quoting <u>State v. Campfield</u>, 213 <u>N.J.</u> 218, 236 (2013)). Trial courts "must be 'satisfied from the lips of the defendant' . . . that he committed every element of the crime charged[.]" <u>Id.</u> at 432-33 (citations omitted).

their identifications of defendant on December 11, that does not necessarily mean they were mistaken on other days.

To the extent defendant now argues on appeal that trial counsel should have pursued additional alibi witnesses, he does not identify them or submit any affidavits or certifications from any witness attesting to the alibi. Defendant's bald assertions are insufficient to support this claim. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

We are satisfied from our review of the record defendant failed to make a prima facie showing of ineffectiveness of trial counsel under the Strickland-Fritz test. The PCR court correctly concluded an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 452, 462-63 (1992). Accordingly, we affirm the denial of defendant's PCR petition.

As a final matter, as previously noted, on defendant's direct appeal we vacated the sentences imposed on the original counts nine through seventeen and remanded for resentencing on those counts. Although the parties have not raised the issue, we are advised there is no record that defendant was ever resentenced. We therefore remand for resentencing in accordance with our prior opinion in No. A-2528-11, and direct the resentencing be completed within sixty days.

11

Affirmed, and remanded for resentencing. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION