# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3528-22

STATE OF NEW JERSEY,

  Plaintiff-Respondent,

v.

FRANK J. ANDERSON, JR.,

  Defendant-Appellant.

_____

    Argued September 25, 2024 – Decided October 25, 2024

    Before Judges DeAlmeida and Puglisi.

    On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 95-12-2232.

    Frank Anderson, appellant, argued the cause pro se.

    Stephanie Davis Elson, Assistant Prosecutor, argued the cause for respondent (Esther Suarez, Hudson County Prosecutor, attorney; Stephanie Davis Elson, on the brief).

PER CURIAM

Defendant Frank Anderson appeals from two orders of the Law Division: (1) a January 26, 2023 order denying his petition for post-conviction relief (PCR) challenging the legality of his sentence to community supervision for life (CSL); and (2) a June 1, 2023 order denying his motion for reconsideration of the January 26, 2023 order. We reverse the orders on appeal and remand for a new sentencing hearing.

I.

In 1998, a jury convicted defendant of: (1) aggravated sexual assault, N.J.S.A. 2C:14-2(a); (2) sexual assault, N.J.S.A. 2C:14-2(c); (3) aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a); (4) criminal sexual contact, N.J.S.A. 2C:14-3(b); (5) possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and (6) unlawful possession of a weapon, N.J.S.A. 2C:39-5(d).

On February 13, 1998, at the sentencing hearing, the court merged several of the convictions and sentenced defendant as follows:

> Mr. Anderson, you're committed to the custody of the Department of Corrections for the maximum sentence of [twenty] years. You are to serve that sentence without parole for a period of ten years, which is the maximum parole ineligibility provided by law. . . . .

2

> On count nine, . . . you're sentenced to five years in State Prison to run concurrent with the previous sentence.
>
> You have [forty-five] days to file an appeal of this sentence.

The sentencing court did not mention defendant was subject to mandatory CSL pursuant to N.J.S.A. 2C:43-6.4.

On February 20, 1998, the court entered a judgment of conviction (JOC) that reflected the custodial term imposed at the hearing and included the following: "[x] You are hereby sentence[d] to community supervision for life." The JOC was later amended to increase the jail credits applied to defendant's sentence. No other term of the JOC was altered.

Defendant appealed his convictions and sentence. Although he raised numerous other arguments, defendant did not argue imposition of CSL in the JOC was illegal because the sentencing court did not mention CSL at the sentencing hearing. We affirmed. State v. Anderson, No. A-5619-97 (App. Div. Dec. 6, 2000). The Supreme Court denied certification. State v. Anderson, 167 N.J. 636 (2001).

Defendant thereafter filed a petition for PCR. With respect to sentencing, he argued only that he received a grossly disproportionate maximum prison term. We affirmed the trial court's denial of the petition. State v. Anderson,

No. A-4330-05 (App. Div. July 18, 2007). The Supreme Court denied certification. State v. Anderson, 192 N.J. 598 (2007).

In August 2009, defendant was approaching the end of his custodial sentence. The State Parole Board (Board) sent defendant a letter informing him that he would soon be released from custody to the supervision of the Division of Parole (DOP). Attached to the letter were two pages of "general conditions" for CSL. "COMMUNITY SUPERVISION FOR LIFE" appeared at the top of each page. The first paragraph on the first page stated:

> I understand that pursuant to N.J.S.A. 2C:43-6.4 my sentence includes a special sentence of [CSL]. I understand that during the service of the special sentence of [CSL] I shall be under the supervision of the [DOP] of the [Board]. I understand that I shall be subject to the following general conditions as established by the [Board.]

The notice lists twenty-one numbered conditions and several paragraphs of additional conditions. At the bottom of page two the following appears: "I hereby acknowledge receiving [on] this date a copy of the above conditions[,]" followed by defendant's signature and "Aug. 14, 2009." Below his signature defendant handwrote "some of the conditions I will speak to my parole officer because they are relative to repetitive and compulsive behavior, and I was not sentenced under those guidelines." He did not express surprise that he was

4

subject to CSL or that the sentence to CSL was illegal because it was not imposed at the sentencing hearing. Defendant was released from custody on September 18, 2009.

More than four years later, on October 18, 2013, defendant filed a second PCR petition in which he challenged his sentence to CSL and a motion for suspension of CSL. He argued the CSL provision in his JOC is illegal because CSL was not imposed at his sentencing hearing.

On March 7, 2014, prior to any substantive filings by the parties and without argument, the court notified defendant his second PCR petition was time barred pursuant to Rule 3:22-12(a)(2) because it was filed more than a year after the date on which the court denied his first PCR petition. The court also denied defendant's motion, stating he was not eligible to be released from CSL because he had not been out of custody for fifteen years. See N.J.S.A. 2C:43-6.4(c) (authorizing release from CSL upon proof by clear and convincing evidence the applicant has not committed a crime for fifteen years since his last conviction or release from incarceration, whichever is later, and is not likely to pose a threat to the safety of others if released from CSL).[1]

---

[1] The court mistakenly stated defendant was released from custody on October 22, 2004, and would be eligible to apply for release from CSL on October 22, 2019. Defendant was released from custody on September 18, 2009.

5

Defendant moved for reconsideration of the dismissal of his second petition and denial of his motion for suspension of CSL. In a supplemental filing, he argued he was not seeking release from CSL under N.J.S.A. 2C:43-6.4(c), but was arguing his CSL sentence is illegal because it was imposed in the JOC but not mentioned at the sentencing hearing. The court never addressed defendant's motion for reconsideration.

On August 10, 2022, defendant filed a third PCR petition. He again argued his CSL sentence is illegal because it was not imposed at his sentencing hearing. In addition, relying on the holding in State v. Schubert, 212 N.J. 295 (2012), defendant argued because he was released from custody without having been sentenced to CSL at a hearing, the Double Jeopardy Clauses of the federal and State constitutions prohibit his sentencing to CSL at a new hearing.

The State opposed the motion, arguing CSL is a mandatory term for defendant's convictions and his sentence would be illegal if it did not include CSL. In addition, the State argued the appropriate remedy for the inconsistency between the sentencing hearing and the JOC would be a new sentencing hearing at which the mandatory CSL term would be imposed. According to the State, a rehearing would not offend double-jeopardy principles because defendant has

A-3528-22

been on notice of his CSL term, at the earliest since issuance of the JOC a week after his sentencing hearing and, at the latest, before his release from custody.

On January 9, 2023, the trial court issued a written decision denying defendant's third PCR petition. First, the court concluded the petition was time barred by Rule 3:22-12(a)(2)(B) because it was filed more than one year after "the factual predicate for the relief sought was discovered . . . ." According to the court, under the most favorable interpretation of the record for defendant, he became aware of his sentence to CSL shortly before his release from custody in September 2009. His second PCR petition, which was the first to raise the CSL issue, was filed in October 2013, more than four years after the factual predicate for seeking relief was discovered. His third petition, which also challenged his CSL term, was filed nearly thirteen years after he received notice of his CSL sentence. Thus, the court concluded, his request for relief from the CSL term was untimely.

In addition, the court found that even if defendant's petition had been timely filed, inclusion of the CSL term in his JOC did not violate double-jeopardy principles. The court held that, unlike the defendant in Schubert, defendant's JOC was not amended after he completed his custodial term to add CSL. To the contrary, the court found, defendant's JOC always included CSL

and he became aware of that term prior to his release from incarceration. A January 26, 2023 order memorialized the trial court's decision.

Defendant thereafter moved for reconsideration of the January 26, 2023 order. On June 1, 2023, the court issued a written decision and order denying defendant's motion, concluding he merely reiterated the arguments the court rejected in its January 26, 2023 order.

This appeal followed. Defendant argues:

> THE ADDITION OF CSL WAS AN ILLEGAL SENTENCE AND THERE IS NO PROCEDURAL BAR AS AN ILLEGAL SENTENCE MAY BE CORRECTED AT ANY TIME.

## II.

Whether defendant's challenge to his CSL term is procedurally barred is a legal question subject to de novo review. State v. Robinson, 217 N.J. 594, 603-04 (2014). The trial court relied on Rules 3:22-4(b) and 3:22-12(a)(2)(B) for its determination that defendant's third PCR petition was time barred. Rule 3:22-4(b) provides, in relevant part:

> A second or subsequent petition for post-conviction relief shall be dismissed unless:
>
> (1) it is timely under R. 3:22-12(a)(2); and
>
> (2) it alleges on its face either:

(A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

Rule 3:22-12(a)(2) provides that "no second or subsequent petition shall be filed more than one year after the latest of" the following:

(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on

9

the first or subsequent application for post-conviction relief is being alleged.

"These time limitations shall not be relaxed, except as provided herein."  R. 3:22-12(b).

The trial court concluded defendant's petition is barred under subsection (B) of Rule 3:22-12(a) because he discovered for the first time that his JOC included a CSL term in September 2009, four years before he filed his second petition challenging his CSL term.[2]  The rule, however, does not apply to defendant's request for relief.

Despite his characterization of his request as one for PCR, defendant's claim is a challenge to an illegal sentence.  As explained in Rule 3:22-2(c), a PCR petition based on "[i]mposition of [a] sentence . . . not in accordance with the sentence authorized by law" is cognizable as a PCR claim only "if raised together with other grounds cognizable under paragraph (a), (b), or (d) of" the rule.  "Otherwise a claim alleging the imposition of sentence . . . not in accordance with the sentence authorized by law shall be filed pursuant to R.

---

[2]  Although defendant's brief states that he "was informed for the first time that he was sentenced to CSL" thirty-three days after serving his maximum sentence, he provides no citation to the record for that statement.  The record establishes defendant was notified he was subject to CSL prior to his release from custody.

3:21-10(b)(5)." Rule 3:21-10(b)(5) allows a motion to correct a sentence not authorized by law to be filed at any time.

"A sentence is illegal if it exceeds the maximum penalty provided in the Code for a particular offense, is not imposed in accordance with law, or fails to include a mandatory sentencing requirement." State v. Bass, 457 N.J. Super. 1, 8 (App. Div. 2018) (internal quotations omitted) (quoting State v. Locane, 454 N.J. Super. 98, 117 (App. Div. 2018)). Defendant's central argument is his CSL sentence is illegal because it appears in his JOC but was not imposed at his sentencing hearing. It was, therefore, error for the court to conclude that defendant's request for relief from his CSL sentence was time barred.

On the merits of defendant's claim, we agree with his argument that it was improper for the JOC to include a CSL term when CSL was not imposed at his sentencing hearing. "In the event of a discrepancy between the court's oral pronouncement of sentence and the sentence described in the judgment of conviction, the sentencing transcript controls and a corrective judgment is to be entered." State v. Abril, 444 N.J. Super. 553, 564 (App. Div. 2016). A remand to correct the discrepancy is the appropriate remedy in such circumstances. Ibid.; see also State v. Pohlabel, 40 N.J. Super. 416, 423 (App. Div. 1956) ("[W]here there is a conflict between the oral sentence and the written

commitment, the former will control if clearly stated and adequately shown, since it is the true source of the sentence . . . .").

The sentence imposed on defendant at the sentencing hearing controls. Defendant's oral sentence, however, is illegal. CSL is a mandatory term for convictions of aggravated sexual assault, sexual assault, and aggravated criminal sexual contact prior to January 14, 2004. N.J.S.A. 2C:43-6.4(a).[3] CSL is a required part of a sentence for conviction of those crimes and its omission makes the sentence illegal. State v. Cooke, 345 N.J. Super. 480, 490 (App. Div. 2001). Remand for correction of defendant's sentence at a sentencing hearing to include CSL is required to comply with N.J.S.A. 2C:43-6.4(a).

We disagree with defendant's argument that resentencing would violate the Double Jeopardy Clauses of the federal and State constitutions. In support of his argument, defendant relies on the holding in Schubert. In that case, Schubert was indicted in 1996 on four counts arising from his alleged

---

[3] The Legislature and Governor enacted L. 2003, c. 267, effective January 14, 2004. The statute replaced all references to CSL in N.J.S.A. 2C:43-6.4 with references to parole supervision for life (PSL), as well as made substantial changes to the CSL post-sentence supervisory scheme. See State v. Perez, 220 N.J. 423, 440 (2015). To the extent that the amendment "substituted PSL for defendants already on CSL, [it] violated the Ex Post Facto Clauses of our Federal and State Constitutions because the conversion enhanced the penal exposure of those convicted of crimes when CSL was the applicable law." State v. Hester, 233 N.J. 381, 388 (2018).

intercourse with a victim without consent. 212 N.J. at 299. Pursuant to a negotiated plea agreement, in 2000, he pled guilty to second-degree sexual assault. Ibid. In exchange, the State agreed to dismiss the remaining charges and recommend both that defendant be sentenced as if he pled to a crime of the third-degree and that he receive a noncustodial period of probation. Ibid.

At his plea hearing, defendant acknowledged he would be examined at the Adult Diagnostic and Treatment Center and that he understood he would be required to register with his local police and provide verification of his address. Id. at 300. "Those exchanges were the extent of the colloquy between defendant and the trial court with respect to the potential consequences of pleading guilty to sexual assault." Ibid.

At sentencing in 2000, the court imposed a noncustodial probationary term of three years. Ibid. The court did not mention CSL, although CSL was mandatory for a sexual assault conviction. Ibid. The court concluded sentencing by stating:

> If you do all those things, you are not going to have a problem with this court. I don't anticipate any problem from you. I don't anticipate this probation is going to be difficult for [you] but you got to understand that if you mess up, that you face up to five years in jail. I don't expect this to happen, not going to happen.
>
> [Ibid.]

The court entered a JOC that mirrored the oral sentence and did not include CSL. Ibid.

Schubert successfully completed his probationary sentence and was discharged from probation in 2003. Ibid.

On October 3, 2007, more than seven years after the trial court sentenced Schubert and more than four years after he had successfully completed his probationary sentence and had been discharged, the Chairman of the Parole Board (Chairman) wrote to the trial court. Id. at 300-01. He noted that the court had not sentenced Schubert to CSL as required by N.J.S.A. 2C:43-6.4. Id. at 301.

In response, the trial court contacted the attorney who represented Schubert at the plea hearing, informing him that it would file an amended JOC that would include a provision subjecting Schubert to CSL, if no objection was lodged. Ibid. After the attorney informed the court that he no longer represented Schubert, the court provided a similar notice to Schubert directly. Ibid. Having not received a communication from Schubert, the court on April 30, 2008, entered an amended JOC adding CSL to his prior probationary sentence. Ibid.

Schubert thereafter filed a petition for PCR challenging the amendment of his JOC. Id. at 302. The State opposed the petition, arguing that amendment of

the JOC was required because CSL was mandatory for a conviction of sexual assault.  Ibid.

The trial court denied the petition.  Ibid.  We reversed, concluding that amending the JOC violated Schubert's double-jeopardy rights.  Id. at 303.

The Supreme Court affirmed.  The Court concluded that CSL is punitive in nature.  Id. at 305-308.  The Court then turned to a second question:  "whether the trial court's action was merely a valid correction of an illegal sentence or an improper imposition of an additional penalty."  Id. at 308.

The Court concluded that Schubert's original sentence was illegal because it was "not authorized by our criminal code."  Id. at 308-09.  Noting precedents permitted the correction of an illegal sentence at any time, "even though the imposition of a lawful term involves an increase in a defendant's aggregate sentence," the Court found that principle is not unlimited.  Id. at 309 (quoting State v. Baker, 270 N.J. Super. 55, 76 (App. Div.), aff'd o.b., 138 N.J. 89 (1994)).  The rule, the Court explained, "was not designed to authorize an enlargement of the punishment after the sentence imposed had been satisfied and the defendant discharged."  Ibid. (quoting State v. Laird, 25 N.J. 298, 307 (1957)).  Thus, "an illegal sentence 'may be corrected at any time before it is completed.'"  Ibid. (quoting State v. Murray, 162 N.J. 240, 247 (2000)).  "An illegal sentence that

has not been completely served may be corrected at any time without impinging upon double-jeopardy principles." Ibid. (quoting State v. Austin, 335 N.J. Super. 486, 494 (App. Div. 2000)).

The Court noted two reported decisions permitting modification of a JOC that omitted a statutorily mandated provision for CSL. As the Court explained:

> In State v. Horton, 331 N.J. Super. 92 (App. Div. 2000), the defendant pled guilty in September 1995 to one count of third-degree endangering the welfare of a child, and the State agreed to recommend a probationary sentence, conditioned on serving 364 days in the county jail. Id. at 94. The trial court accepted the defendant's plea and sentenced the defendant on January 12, 1996. Id. at 95.
>
> In April 1997, the Chairman . . . wrote to the trial court inquiring about the omission of any reference to [CSL]. Ibid. At the time of that letter, the defendant had completed the custodial portion of his sentence but remained on probation. Ibid. In July 1997, when approximately six months remained to the defendant's probationary sentence, the State moved to amend the [JOC] to include [CSL]. Id. at 96. The trial court granted the motion, and the defendant appealed. Ibid. The appellate panel concluded that the trial court's action in amending the [JOC] did not run afoul of the constitutional prohibition against double jeopardy. Id. at 102.
>
> [Id. at 310.]

The Court found that Horton was distinguishable from the facts presented in Schubert "in one critical respect. In that case, the State sought to amend the

16

[JOC] prior to the completion of the defendant's probationary sentence, while in the present matter defendant had completed his probationary sentence and been discharged from probation for more than four years when the issue first arose."  Id. at 311.

The Court continued:

> In the other published opinion, the Appellate Division addressed amending a [JOC] to include a provision for [CSL] that had been omitted when the sentence was imposed.  [Cooke, 345 N.J. Super. at 490].  In that case, however, the State appealed the sentence, and the defendant cross-appealed his conviction.  Id. at 483. Because the issue of the defendant's sentence was properly before the court, the court could correct what was otherwise an illegal sentence.
>
> [Ibid.]

Having distinguished those precedents, the Court held:

> We fail to see how it could be said that [Schubert], at least by the time he was discharged from probation, did not have a legitimate expectation of finality in his sentence.  If there was some indication in this record that either [Schubert] or his attorney had engaged in some effort to mislead the court with respect to omitting [CSL] from [Schubert's] sentence, we would agree that any expectation of finality [Schubert] might have achieved would not be a legitimate one.  The record before us contains not a hint, however, of such a devious plot.
>
> The State has not cited to us any published case from any jurisdiction that has permitted a defendant's

sentence to be increased after the sentence has been completed. In our judgment, the reason for the omission is clear: to permit such an action is a violation of a defendant's fundamental rights under the Double Jeopardy Clauses of the United States and New Jersey Constitutions.

[Id. at 313.]

The facts in Schubert are meaningfully distinct from those presently before this court. Although CSL was not mentioned at defendant's sentencing hearing, the JOC entered seven days later included a CSL provision. Defendant was on notice of the JOC, which was the subject of his direct appeal and first PCR petition. In both instances, defendant challenged aspects of his sentence, but not the CSL provision in the JOC. In addition, prior to his release from prison, the Board notified defendant he was to be released on CSL and gave him a two-page recitation of the conditions of CSL. Defendant acknowledged he understood he was subject to CSL and had received a copy of the written conditions. In a handwritten statement accompanying his acknowledgement, defendant did not express surprise at being subject to CSL and stated only that he would object to certain conditions he thought were not applicable to him.

After his release, defendant remained on CSL for more than four years before he filed his second PCR petition seeking relief from CSL. After that

18

petition was dismissed on procedural grounds, defendant remained on CSL for another six years before he filed his third PCR petition.

In light of these facts, it can hardly be said defendant had an expectation of finality in 2009 that he had served his custodial sentence without a term of CSL. To the contrary, the record demonstrates that defendant was aware of his CSL term before he was released from prison and remained on CSL for nearly long enough to seek relief from CSL under the fifteen-year period in 2C:43-6.4(c) before he filed his third PCR petition. A resentencing hearing to orally impose the CSL term under which defendant has been supervised for more than a decade would not offend double-jeopardy principles.

Reversed. The matter is remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3528-22